## BIGELOW v. ARMES.

APPEAL FROM THE SUPREME COURT OF THE DISTRICT OF COLUMBIA.

Decided November 6th, 1882.

*Equity—Specific Performance—Statute of Frauds.*

A proposed in writing to B to exchange A's real estate for B's real estate with a cash bonus. B accepted in writing. A complied in full, B in part only. Suit was brought for specific performance of the remainder.

*Held,* That it was unnecessary to determine whether the memorandum was sufficient under the Statute of Frauds, as it was the duty of the court below on the facts disclosed, and in view of the full performance by A, to decree performance by B.

Bill in equity to enforce specific performance of an agreement to convey real estate. The following were the facts as stated by the court:

On the 22d of November, 1876, the parties to this suit made and signed the following memorandum in pencil:

"*November* 22d, 1876.

"I propose to give my house on 8th street, subject to $2,000, for one house on Delaware avenue, and one farm in Fairfax Co., Va., and $525 cash.                    "GEO. ARMES.

"Accepted: OTIS BIGELOW."

Both parties fully understood at the time that the property referred to was that described in the bill, and that an exchange was to be made on the terms stated in the memorandum. As the wife of Bigelow was absent, the contract entered into could not be consummated by an interchange of deeds until her return, which was not expected until some time in January following. Armes, however, was in need of the money which was to be paid him, or a part of it, and so on the 24th of November, two days after the memorandum was signed, he and his wife executed a deed, in accordance with the terms of the contract, conveying the house and lot on Eighth street to Bigelow. This deed Armes took to Bigelow and asked for $400 on account of the money he was to have, offering to deliver the deed if the payment was made. Bigelow accepted the offer,

paid the money, and took the deed, agreeing, however, on the request of Armes, not to have the deed recorded until the contract was otherwise performed. Nothwithstanding this agreement he did have it recorded at once. At the same time with the delivery of the deed Armes put Bigelow in possession of the property, and thus fully executed the contract on his part. Bigelow afterwards paid Armes $105 more on the cash payment he was to make, and delivered him the possession of the property on Delaware avenue. All this was done in part performance of the contract on his part, and it was so understood by both parties. Armes, after he got possession of the Delaware avenue property, made some repairs on the house with the knowledge of Bigelow. Afterwards Bigelow refused to carry out the contract on his part by delivering deeds for the Delaware avenue and Virginia property, and having the memorandum which had been signed in his possession, undertook to destroy it by tearing it in pieces and throwing the pieces into a waste-basket. The court below entered a decree for the conveyance to Bigelow, from which appeal was taken.

*Mr. S. S. Henkle* for appellant. The memorandum was defective. It was impossible to deduce from it essential parts of the contract. The defects could not be supplied by parol proof, and the contract was therefore void under the Statute of Frauds: *First Baptist Church* v. *Bigelow*, 16 Wend. 28; *Bailey et al.* v. *Ogden*, 3 Johns. 399, 419; *Hinde* v. *Whitehouse*, 7 East, 570; *Morton* v. *Deane*, 13 Met. 385; *Brodie* v. *St. Paul*, 1 Vesey, Jr. 326; Blackburn on Sales, 49–56; *Davis* v. *Shields*, 26 Wend. 341; *Wright* v. *Weeks*, 25 N. Y. 153. Brown on Statute of Frauds, 402, § 385; *Ferguson* v. *Staver*, 33 Penn. St. 411; *Soles* v. *Hickmann*, 20 Penn. St. 180; *Grafton* v. *Cummings*, 99 U. S. 100; *Barry* v. *Coombe*, 1 Pet. 640; *Williams* v. *Morris*, 95 U. S. 444. Part performance will not justify the introduction of parol proof to support a defective writing. *Brydell* v. *Drummond*, 11 East, 142; *Clynan* v. *Cooke*, 1 Schoale, Lefroy, 22. It is. not necessary to plead the Statute of Frauds. *Artz* v. *Grove*, 21 Md. 456, 470; *Winn* v. *Albert et al.*, 2 Md. Ch. 169.

*Mr. C. H. Armes* for the appellee.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.
After stating the facts as above, he continued:

Upon these facts, in our opinion, it was the duty of the court below to enter the decree it did requiring a completion of the performance of the contract by Bigelow. Whether, in view of the requirements of the Statute of Frauds, the memorandum signed by both parties was of itself sufficient to support the bill, is a question we do not think it important to discuss, because, if the memorandum is not enough, the terms of the contract have been otherwise clearly established by the evidence, and there has been full performance by Armes and substantial part performance by Bigelow.

*The decree is affirmed.*