Grafton,
Nov. 7, 1906.

WHITE & a., Ex'rs, v. POOLE & a.

An oral agreement to convey real estate is sufficiently definite to sustain a decree for specific performance when the identity of the land is made reasonably certain by the contract itself and the acts of the parties in part performance thereof.

A bill in equity to enforce specific performance of an oral promise to convey land is not barred on the ground that the contract is not in writing, if a refusal to convey will operate as a fraud upon a promisee who has performed his part of the agreement.

A husband's interest in his wife's property does not disqualify him from being a witness in her behalf, although he is a party to the action and the adverse party is an executor who does not elect to testify.

If one who has orally agreed to convey land sends his agent to a third party to arrange for a transfer of the property, the testimony of the latter as to the transaction is not inadmissible as hearsay.

In an action against an executor to enforce specific performance of the testator's oral agreement to purchase land, build thereon, and convey, evidence of the latter's declaration that he was building upon the premises for rental purposes is not admissible, if such statement was made in the absence of the promisee and was in no way connected with the erection of the house or the purchase of the land.

WRIT OF ENTRY, to recover possession of a tract of land in Hanover. The plaintiffs are executors of the will of William H.

White. The defendants are William H. Poole, who filed a disclaimer, and his wife, Annie L., who for a plea filed a bill in equity praying for the specific performance of a parol contract made with the plaintiffs' testator. Facts found, and case transferred from the November term, 1905, of the superior court, by *Chamberlin*, J.

In the summer of 1899, Mrs. Poole, being then in poor health, decided to make her home in Cuba and notified White, who was her uncle, of her intention. He wanted her near him; and in order to induce her not to remove to Cuba, he promised that if she would remain in Hanover he would buy a lot they should both approve, erect a house upon it, and give her the land and building as soon as the house was finished. His offer was accepted, the lot was selected, he built the house and put her in possession of it as her property, and she has occupied it ever since under a claim of ownership. It was his intention to convey the property to her, but he died in November, 1903, without doing so. In 1902, White, with the knowledge and consent of Mrs. Poole, tried to exchange the house and lot for a farm in Hanover which he thought would be more suitable for her and might at some time produce an income; and this was one reason for his failure to convey the property to her.

When the case came on for trial it was ruled that the plaintiff in the bill in equity should produce her evidence in support of the allegations thereof; and after a hearing the court made a decree for her in accordance with the prayer of the bill, and ordered an entry of judgment for the defendant in the action at law. The plaintiffs in the action at law thereupon moved that the decree and order be set aside, and that judgment be ordered for them in the writ of entry. The motion was denied, subject to exception.

The plaintiffs offered to show by White's widow that while the house was in process of erection he said he was building it to rent. The evidence was excluded, and the plaintiffs excepted. William H. Poole was permitted to testify to matters happening in the lifetime of White in so far as they tended to establish his wife's claims; and she was permitted to show by one Storrs that her husband came to him shortly before White's death, for the purpose of arranging for a transfer of the property to her. To both of these rulings the plaintiffs excepted.

*Henry F. Hollis* and *Prescott F. Hall* (of Massachusetts), for the plaintiffs.

*Smith & Smith* and *Edward A. Lane*, for the defendants.

YOUNG, J.   The plaintiffs claim that the fact Mrs. Poole lived in the house for three years without enforcing her agreement with White estops her to set it up now that he is dead.   This claim has no merit, for the court has found that the reason a conveyance was not made in his lifetime was because both White and Mrs. Poole thought a farm would be better for her; and that as soon as they found they could not trade the house for one, he arranged to convey the house to her, but died before he could do it.

The test to determine whether a parol contract is definite enough to sustain a decree for specific performance is the same as it would be if the contract were in writing.   4 Pom. Eq. Jur. (3d ed.), s. 1409.   A written contract is sufficiently definite whenever it is reasonably certain from the contract itself and the acts of the parties in performance of it what land was intended.   *Troup* v. *Troup*, 87 Pa. St. 149 ; *Work* v. *Welsh*, 160 Ill. 468 ; *Ottumwa etc. Ry.* v. *McWilliams*, 71 Ia. 164 ; *Overstreet* v. *Rice*, 4 Bush 1 ; *Bigelow* v. *Armes*, 108 U. S. 10.   When the agreement in this case is considered in connection with what the parties did to carry it into effect, there is no doubt as to the land to which it relates ; consequently the description is sufficiently definite to sustain the bill in equity.

If the plaintiffs' refusal to convey the property to Mrs. Poole will operate as a fraud on her, her action is not barred by section 1, chapter 215, Public Statutes.   *White* v. *Poole*, 73 N. H. 403 ; *Weeks* v. *Lund*, 69 N. H. 78, 81 ; *Stillings* v. *Stillings*, 67 N. H. 584 ; *Brown* v. *Drew*, 67 N. H. 569 ; *Peters* v. *Dickinson*, 67 N. H. 389 ; *Brown* v. *Prescott*, 63 N. H. 61 ; *Seavey* v. *Drake*, 62 N. H. 393 ; *Abbott* v. *Baldwin*, 61 N. H. 583, 585 ; *Johnson* v. *Bell*, 58 N. H. 395 ; *Kidder* v. *Barr*, 35 N. H. 235, 255 ; *Burnham* v. *Porter*, 24 N. H. 570, 580 ; *Ayer* v. *Hawkes*, 11 N. H. 148 ; *Tilton* v. *Tilton*, 9 N. H. 385 ; *Newton* v. *Swazey*, 8 N. H. 9 ; Br. St. Fr., s. 463 ; 2 Sto. Eq. Jur., s. 761.   She cannot maintain an action at law on White's agreement (*Smith* v. *Phillips*, 69 N. H. 470), nor can she maintain one on an implied promise, unless she can show that he received a benefit from what she did in performing the contract, which can be measured in money.   *Cocheco Aqueduct Ass'n* v. *Railroad*, 59 N. H. 312.   She changed her plans for life at White's request; and although the benefit he received because of it may have been worth more to him than the house and lot, still it has no money value.   Consequently, unless she can maintain her bill the plaintiffs can retain both the property and what White received in exchange for it; and that is such a fraud on her as will take the case out of the operation of the statute.   *Weeks* v. *Lund*, 69 N. H. 78, 83 ; *Svanburg* v. *Fosseen*, 75 Minn. 350,— 74 Am. St. Rep. 490.

A husband's interest in his wife's property does not disqualify him from being a witness in her favor, even when the other party is an administrator who does not elect to testify. *Smith* v. *Wells*, 70 N. H. 49; *Noyes* v. *Marston*, 70 N. H. 7; *Chase* v. *Pitman*, 69 N. H. 423. The effect of Poole's disclaimer is immaterial. Although he cannot be a witness for himself, he may be one for his wife, even if he is a party to the action. *Weston* v. *Elliott*, 72 N. H. 433.

It cannot be said as a matter of law from the reported facts that there was any legal error in the admission of Storrs' testimony. If White sent Poole to Storrs to arrange for a transfer of the property through him, what Storrs testified to was not hearsay.

The plaintiffs offered to show by Mrs. White what White said concerning the house when Mrs. Poole was not present. Such evidence was inadmissible, for it consists of declarations in White's favor; and notwithstanding they were made while the house was in process of construction, they were not made on the land, nor were they in any way connected with the erection of the house or the purchase of the lot.

*Exceptions overruled.*

, All concurred.