Merrimack,  }
March 7, 1916. }

### ELLEN S. ABBOTT   v.   ISABEL F. ABBOTT.

In partition a sale of the premises will not be ordered where it would be inequitable to decree a sale.

PETITION FOR PARTITION.   The defendant filed an answer alleging that the property could not be divided and ought not to be sold because if that were done she would lose a very large sum of money she had put into the property at the plaintiff's request and in reliance on her promise that she (the defendant) might occupy it as a home as long as she lived.   Transferred by *Branch*, J., from the October term, 1915, of the superior court on the plaintiff's exception to the ruling that the answer stated a defence.   This is the case reported in 77 N. H. 601.

*Joseph S. Matthews* (by brief and orally), for the plaintiff.

*George V. Hill* (by brief and orally), for the defendant.

YOUNG, J.   The test to determine whether the defendant is entitled to the relief prayed for is not, as the plaintiff contends, to inquire how the defendant obtained possession of the property; *Emery* v. *Dana*, 76 N. H. 483, 489; *White* v. *Poole*, 74 N. H. 71; but whether it is equitable for the plaintiff to cause the property to be sold; *Prescott* v. *Jenness*, 77 N. H. 84; and all fair minded men will agree that if the facts stated in the answer are true it would be inequitable for the plaintiff to cause the property to be sold without first doing whatever is reasonably necessary to secure the defendant from the loss she would sustain because of having improved the property at the plaintiff's request and in reliance on her promise not to dispose of it in her (the defendant's) lifetime.

*Plaintiff's exception overruled.*

All concurred.