CARROLL *v.* JONES *et al.*

No. 16916. JANUARY 10, 1950.

334

*Wesley R. Asinof*, for plaintiff in error.

*Carl F. Hutcheson* and *William P. Kennedy*, contra.

HEAD, Justice. The plaintiff in error contends that the contract in this case is lacking in definiteness and certainty as to the consideration to be paid, and that specific performance of the contract can not, therefore, be decreed. Counsel for the plaintiff in error has cited decisions by this court and from foreign jurisdictions which hold that, where a contract is lacking in clearness and certainty as to any of its essential parts, specific performance will be denied. It is a well-established general principle of law that, in order for a court to decree specific performance of a contract, it must be clear, distinct, and definite in all of its terms. 49 Am. Jur., 34, § 22; *Shropshire* v. *Rainey*, 150 *Ga.* 566 (2) (104 S. E. 414); *Saye* v. *Adams Loan & Investment Co.*, 173 *Ga.* 24 (159 S. E. 575); *Huggins* v. *Meriweather*, 177 *Ga.* 461 (170 S. E. 483); *Brogdon* v. *Hogan*, 189 *Ga.* 244 (5 S. E. 2d, 657).

The rule governing actions for specific performance was stated in *Shropshire* v. *Rainey*, supra, as follows: "Specific performance is not a remedy which either party can demand as a matter of absolute right, and will not in any given case be granted unless strictly equitable and just. Mere inadequacy of price may justify a court in refusing to decree a specific performance of a contract of bargain and sale; so also may any other fact showing

the contract to be unfair, or unjust, or against good conscience. And in order to authorize specific performance of a contract, its terms must be clear, distinct, and definite. A petition for specific performance, which fails to allege a case authorizing the relief sought under the application of the above-stated rules, is subject to demurrer." This rule has been cited and approved a number of times.

No decision has been brought to our attention, and the writer has been unable to find a Georgia case in point on its facts with the present case. In *Muller* v. *Cooper*, 165 *Ga.* 439, 441 (141 S. E. 300), in an action for specific performance of a contract, it was said that the consideration need not be expressly stated if the contract furnishes a key whereby the amount of the purchase-price could be ascertained. In support of this rule, decisions from other jurisdictions are cited, which, upon examination, appear generally to support the rule stated. The decision in the *Muller* case was by a divided bench, and would not, therefore, be binding as authority. However, the rule was restated and applied by this court in *Sturdivant* v. *Walker*, 202 *Ga.* 585, which latter decision was by a full bench.

In the present case, every detail of the contract is clear, definite, and distinct. The parties agreed that, should the lessees elect to exercise their option, they would pay, and the lessor would accept, an amount as the value of the property to be determined on an appraisal by the Atlanta Real Estate Board. The petition alleges that such an appraisal was made, and that the board fixed the value at a stated price, which was the full, fair market value of the property. The petition alleged an unconditional tender of the appraised value in cash, and a refusal to accept the tender. Whether or not the appraisal was fairly and impartially made is a question of fact for determination by a jury.

This is not an attempt to change or vary the terms of a written instrument by parol evidence. Parol evidence would be admissible to show compliance with the terms of the contract by the lessees. The fact that the contracting parties stipulated a maximum price which could be required of the lessees, should they elect to exercise their option to purchase, does not make the contract uncertain. This court is not concerned with the

reasons which prompted the parties to fix a maximum price for the property without fixing a minimum, nor the reasons which prompted the agreement that the price should be the value as determined on appraisal by the Atlanta Real Estate Board. The contract so stipulates, and the petition alleges compliance as to time, appraisal, and tender. The plaintiff in error, in the absence of a showing that the price as fixed by the board is unjust, unfair, or unreasonable, is bound by his contract. The court did not err in overruling the general demurrers.

The bill of exceptions assigns error on the overruling of certain special demurrers. The grounds of special demurrer were not insisted upon by counsel for the plaintiff in error in his brief. At the conclusion of the brief he requested additional time to file a supplemental brief with reference to the grounds of special demurrer. The additional time was granted, but the supplemental brief has not been filed. We therefore conclude that the plaintiff in error has abandoned the assignment of error with reference to the rulings on special demurrer.

*Judgment affirmed. All the Justices concur.*