### 25474. WHITLEY v. PATRICK.

FRANKUM, Justice. This case came to this court upon appeal from the order of the trial court denying the defendant's motion for a judgment on the pleadings and granting to the plaintiff a temporary injunction restraining the defendant from selling, or offering for sale, the property which is the subject matter of this litigation. The plaintiff filed suit against the defendant seeking specific performance of a contract for the sale of realty, and after the pleadings were closed the defendant filed a motion for judgment on the pleadings pursuant to the provisions of *Code Ann.* § 81A-112(c). The judge of the superior court issued an order requiring the plaintiff to show cause before him on a

named date why the demand of the defendant for a judgment on the pleadings should not be sustained, and upon the hearing of that motion the court received oral testimony of the parties and witnesses, and at the conclusion thereof passed the order appealed from. Appellant contends that the contract which the plaintiff seeks to have specifically performed is too vague, indefinite and uncertain for various reasons, the nature of which will sufficiently appear from the opinion.

1. The contract sufficiently identifies who is to purchase the land. It appears that the contract was procured by Rainbow Realty Company. Several copies were prepared, the initial copy being a pencil or pen and ink draft, which was signed by Robert Derrell Patrick as purchaser and on behalf of Rainbow Realty Company, by L. F. Coker. A typewritten copy of the contract was signed by G. W. Whitley as seller. It is a fundamental principle of contract law that a written contract may be made by the exchange of several different contemporaneous writings, which when taken together constitute a completed agreement. It is equally fundamental that where a single writing embodying all the terms of an agreement between the parties is prepared in multiple copies, that the agreement of the parties to the instrument may be signified by the affixing of the signatures of the parties to separate identical copies. *Morris v. McKee,* 96 Ga. 611, 613 (24 SE 142). See *Hewlett v. Almand,* 25 Ga. App. 346 (2) (103 SE 173), and *Colt Company v. Hiland,* 35 Ga. App. 550 (2) (134 SE 142). Under the Statute of Frauds (*Code* § 20-401(4)) any contract for the sale of lands or any interest in or concerning them is binding on the party sought to be charged therewith, if it is signed by him or one lawfully authorized by him to sign. Whether or not there is a discrepancy between the copies or whether one of the copies has been altered after the defendant signed the contract is a question of fact to be decided by a jury. The instrument sued on shows that it was signed by the defendant and that the plaintiff is the one who contracted to purchase the property.

2. The description contained in the contract to wit: "All that tract of land lying in Land Lot 72, 73 and 91 of the 18th District of DeKalb County, Ga., being Lot No. 1, block H, Street by the name of Needle Rock Drive #878," was

prima facie sufficient to furnish a key and it is a question of fact whether such key with the aid of extrinsic evidence will lead unerringly to the land in question. *Lively v. Munday,* 201 Ga. 409, 417 (40 SE2d 62, 173 ALR 1295); *Cross v. Nicholson,* 211 Ga. 769 (88 SE2d 390).

3. The purchase price of the property and the manner in which it is to be paid is not vague and uncertain. The contract plainly states that the purchase price shall be $22,000 and to be paid as follows: "Cash to seller." The other provisions immediately following those terms relating to the procurement of a loan, as set forth in this contract, and under the circumstances of this case, we deem to be provisions for the protection of the buyer. The buyer clearly alleges that he is ready, willing and able to comply with the contract, and under these circumstances, whether he has procured the cash to pay to the seller the amount of the purchase price by applying for and accepting an FHA insured loan, as stated in the contract, or by some other means, cannot affect his right to enforce the contract.

4. The contract is not void for failure to specify a time within which it is to be performed. In such circumstances a reasonable time will be implied, and what is a reasonable time is a matter to be determined by the jury from all the circumstances. *Bearden Mercantile Co. v. Madison Oil Co.,* 128 Ga. 695, 702 (58 SE 200).

5. The trial court did not err in overruling the defendant's motion for a judgment on the pleadings and in temporarily enjoining the defendant from selling or offering for sale the property described in the complaint.

*Judgment affirmed. All the Justices concur.*

ARGUED OCTOBER 15, 1969—DECIDED FEBRUARY 5, 1970.

*Orr & Joyner, John C. Joyner, W. Fred Orr, II,* for appellant. *M. H. Blackshear, Jr.,* for appellee.