## 28123. PHIPPS LAND COMPANY, INC. v. WILWAT PROPERTIES, INC.

UNDERCOFLER, Justice. Phipps Land Company appeals a judgment of specific peformance ordering it to assign to Wilwat Properties an option to purchase real estate. The facts are as follows: On May 1, 1970, Baptist Building Foundation, Inc., gave Phipps an option to purchase real estate. It terminated May 1, 1971, with monthly extensions thereafter for two years, upon payment of $1,429.56 per month. The option could not be assigned without the written consent of the Foundation. On March 2, 1972, by letter, Phipps offered to assign the option to Wilwat for $25,000 and reimbursement of all monthly option extension payments. Phipps respresented it had the Foundation's consent to assign to Wilwat subject to the terms of the option, that Phipps would forfeit all rights to a broker's commission, and that the Foundation's approval of the assignment terminated March 31, 1972. Phipps directed that acceptance of the offer be indicated on a copy of the letter and returned to it with $2,500 earnest money check. On March 30, 1972, by separate letter, Wilwat accepted Phipps offer, enclosed the $2,500 and stated the Foundation would extend its approval long enough for the assignment to be prepared and executed. The record does not disclose when the acceptance letter was received by Phipps. Sometime in early April, 1972, Phipps inquired about its letter of March 2, 1972. On April 10, 1972, Wilwat returned a copy of

Phipps' March 2, 1972 letter offer with an acceptance thereon. On April 12, 1972 and April 26, 1972, Phipps requested the preparation of the assignment so that the transaction could be concluded. On May 25, 1972 Phipps withdrew its offer and sent its check to Wilwat for the return of the earnest money. Phipps during this time had paid to the Foundation the monthly option payment required to keep it in force. On May 26, 1972, Wilwat sent Phipps an assignment requesting its execution upon which payment would be made. The assignment contained provisions that Phipps warranted that the Foundation consented to the assignment and Phipps waived its broker's commission. *Held:*

1. Phipps contends that the contract with Wilwat was illusory, lacking in mutuality and therefore unenforceable. It argues that without the consent of the Foundation the option could not be assigned; that its letter offer of March 2, 1972 required acceptance on such letter; that this was not accomplished until April 10, 1972, and at that time the Foundation's approval had terminated. For the purpose of this discussion we will assume that Phipps' contention is correct, namely that its offer was not accepted by Wilwat until April 10, 1972. However, we do not agree that Phipps' promise then was illusory or the agreement lacked mutuality because the Foundation's written consent to which Phipps' offer was subject had terminated. In our view the Foundation's written consent to the assignment was a condition upon which Phipps and Wilwat exchanged promises.". . .[A]n agreement is not prevented from being a valid contract by the fact that both of the exchanged promises are expressly conditional on one and the same event." 3A Corbin on Contracts, § 629A (1971 Pocket Part, p. 9). It would certainly appear that Phipps treated it in this context when on April 12 and April 26, 1972 it requested Wilwat to prepare the assignment so that the sale could be closed. Wilwat, of course, has always recognized the contract as binding. Here the existence of the contract was not conditional upon the Foundation's consent. The performance was conditional. Since the Foundation has consented the trial court was correct in ordering specific performance.

2. No time is specified in the contract. The evidence is sufficient to support the trial court's finding that Wilwat made demand for performance within a reasonable time. *Whitley v. Patrick,* 226 Ga. 87 (4) (172 SE2d 692).

3. There is no merit in Phipps' contention that Wilwat's demand for performance was invalid because the proposed assignment

contained a statement that Phipps warranted the Foundation's consent thereto. The proposed assignment had been executed by Wilwat and it had affixed thereto the written consent of the Foundation. The condition of the Foundation's consent was satisfied and the demand was valid even though the proposed assignment form may have been subject to revision by the deletion of the warranty upon Phipps' objection. This was merely a matter of draftmanship in conforming the closing documents to the contract.

*Judgment affirmed. All the Justices concur.*
ARGUED SEPTEMBER 12, 1973 — DECIDED OCTOBER 26, 1973.

*Hansell, Post, Brandon & Dorsey, W. Rhett Tanner,* for appellant.

*Jones, Bird & Howell, Earle B. May, Jr., Dow N. Kirkpatrick, II,* for appellee.