30872, 30873. MILLER v. McCULLOUGH et al.; and
vice versa.

NICHOLS, Chief Justice.

This is an action for specific performance to enforce
an option contract to buy improved real property. The
plaintiff entered into three agreements with the
defendants as a part of one transaction to purchase an
established florist business in 1971: (1) a contract to buy
the business; (2) a lease of the business premises for a
five-year period; and (3) an option to purchase the
business premises within a five-year period. In 1973 a fire
on the premises partially destroyed the building. The
defendants filed a declaratory judgment action to have
the lease terminated under the untenantable clause of the
lease. The plaintiff counterclaimed in this action and the
parties came to an agreement and executed a new lease
for the remainder of the term and the suit was dismissed.
In November, 1974, the plaintiff gave notice through his
attorney that he was exercising the option to buy the
property. The option contract provided the selling price
would be "the appraised value of the property at the time
of purchase based on an MAI Appraisal . . ."

The trial court found that the contract did not specify
the purchase price or provide a key to determine the price
and granted summary judgment to the defendants. The
trial court then made other rulings as to rent due under
the lease, the termination of the lease for failure to pay
rent and left for jury determination the issue of fair rental
value due defendants after the termination of the lease.

1. The threshold issue is the validity of the option
contract. In *Baker v. Lilienthal,* 176 Ga. 802, 806 (169 SE
28) (1933), this court set forth the three requisites for a

valid contract for the sale of realty. In the present case the trial court ruled that first (parties) and the second (subject matter) were met, but that the third element, the consideration, was not named nor was a key from which it could be determined stated in the contract. This court in *Carroll v. Jones,* 206 Ga. 332, 335 (57 SE2d 173) (1950), held: "In the present case, every detail of the contract is clear, definite, and distinct. The parties agreed that, should the lessees elect to exercise their option, they would pay, and the lessor would accept, an amount as the value of the property to be determined on an appraisal by the Atlanta Real Estate Board . . . Whether or not the appraisal was fairly and impartially made is a question of fact for determination by a jury."

The present case falls squarely within the ruling of *Carroll,* supra, and the trial court erred in granting summary judgment to the defendants. This method would be the only equitable solution on a fluctuating market where it would be impossible to estimate the fair market value five years in the future. Today almost everything pertaining to real estate is done in this manner, taxes are assessed, loans are made and estates are valued by appraisal.

2. The other enumerations of error by the plaintiffs are rendered moot by the ruling in Division 1 or have not been argued and are deemed abandoned. Rule 18 (c)(2).

3. In the first enumeration of error the defendants (cross appellants) contend that the option contract was superseded by the new lease executed in 1974. The option was a separate agreement, recited a separate consideration and did not refer to any of the other agreements between the parties nor did the new lease refer to the option contract. There is no merit in this enumeration of error.

4. The trial court held that in the event the judgment as to the validity of the option contract should be reversed by this court, the plaintiff would be entitled to credit on the purchase price for all rent paid after the notice was given to the defendants of the plaintiff's intent to exercise the option. The defendants (cross appellants) except to this ruling. The option contract did not specify a definite period to close the sale if the option should be exercised.

The defendants should be allowed a reasonable time in which to comply with the notice. If they wished to contest the value set by the appraisal or to have another appraisal made according to the terms of the contract, time should be allowed for such purpose. A jury question is presented as to what would be a reasonable time to close the sale. *Whitley v. Patrick,* 226 Ga. 87 (4) (172 SE2d 692) (1970). The trial court erred in ruling that the plaintiff would be entitled to all rent paid after notice was given as a credit on the purchase price.

*Judgment reversed in part and affirmed in part. All the Justices concur, except Ingram, Hall and Hill, JJ., who dissent.*

ARGUED MARCH 15, 1976 — DECIDED APRIL 6, 1976 —
REHEARING DENIED APRIL 20, 1976 IN CASE NO. 30872.

*Curtis R. Richardson, Swertfeger, Scott & Turnage, Thomas L. Scott,* for appellant.

*Campbell & Bouchillon, Jerry D. Bouchillon,* for appellees.

HILL, Justice, dissenting.

The rule is that in an action for specific performance of a contract to convey realty, the consideration must either be expressly stated by the writing itself or it must furnish a key by which the amount of the purchase price can be ascertained. *Muller v. Cooper,* 165 Ga. 439 (2) (141 SE 300) (1929); *Sturdivant v. Walker,* 202 Ga. 585 (4) (43 SE2d 527) (1947); *Carroll v. Jones,* 206 Ga. 332, 335 (57 SE2d 173) (1950). The majority in this case recognize the validity of this rule.

The majority find that "an MAI Appraisal" furnishes the key by which the amount of the purchase price can be ascertained. In this application of the rule I disagree.

Citing *Carroll v. Jones,* supra, the majority equate an appraisal by the Atlanta Real Estate Board with an MAI appraisal. The Atlanta Real Estate Board is an entity. An MAI is any member of a professional association of real estate appraisers. In my view, the two are not equivalent. Although an appraisal by the Atlanta Real Estate Board

would furnish the key for determining the purchase price, the option in the case before us provides no agreement as to the price to be paid and no key by which the amount of the purchase price can be ascertained.

I am authorized to state that Justices Ingram and Hall join in this dissent.