Grafton
No. 7505

WILLIAM W. WEALE & a.

v.

MASSACHUSETTS GENERAL HOUSING CORPORATION & a.
STEPHEN C. COLE

v.

MASSACHUSETTS HOUSING CORPORATION & a.

May 31, 1977

*Stebbins & Bradley* and *Michael L. Slive,* of Hanover (*Mr. Slive* orally), for William W. Weale and William R. Jordan.

*Struckhoff & Kelly,* of West Lebanon (*Mr. Lawrence A. Kelly* orally), for Stephen C. Cole.

Massachusetts General Housing Corporation did not appear.

LAMPRON, J. Bills in equity for specific performance of contracts to sell a parcel of land in West Lebanon. The first bill, by Weale and Jordan, is based on an oral agreement of purchase and sale between them and General Housing. The other, by Cole, arises from a later written agreement by General Housing to sell the same parcel to him. Hearing before *Johnson, J.,* who made certain findings and rulings and ordered General Housing to convey the property to Weale and Jordan; ordered Cole to file a release of his recorded written agreement to purchase this land; and ordered General Housing to refund to Cole his $3,000 deposit. We hold that the trial court's orders must be set aside.

Massachusetts Housing purchased the 27 acres of land in question on July 11, 1972, and on September 14, 1972, executed a note for $25,000 to the National Bank of Lebanon, secured by a mort-

gage on this land. Edward J. Sylvia and Erwin Brand, the sole stockholders in this corporation, signed as guarantors. As the terms of the note were not being met, the bank notified the signers that it was asking its attorney to prepare foreclosure notices if payment was not made in full by February 15, 1974.

As a result, Brand, on behalf of Massachusetts Housing, authorized Marchewka, a Lebanon realtor, to find a purchaser for the property. On or about February 15, Weale and Jordan made a verbal offer of $25,000 which was rejected by Brand. However, on February 18 Brand authorized the realtor to sell the land "at no cost to us." This counteroffer was understood by all the parties to mean that the purchasers would pay the $25,000 note and all interest due, as well as the unpaid real estate taxes and the broker's commission. Weale and Jordan agreed to these terms and upon so learning Brand called it "a deal." The purchasers were notified to that effect. When Marchewka told the bank of this agreement the foreclosure proceedings were not initiated.

Weale and Jordan secured a commitment from the Lebanon National Bank to finance the transaction. The bank attorney then made an examination of the title and prepared a mortgage deed for which Weale and Jordan were billed $150. In reliance on their oral agreement, the latter also engaged an engineer to make a preliminary survey and a design for the subdivision of the land. Weale and Jordan received an invoice in the amount of $2,860 for this work. On March 21, 1974, Weale and Jordan, the realtor, and officers of the bank met and agreed on a closing date of April 4, 1974. This date was chosen to accommodate Sylvia, the other stockholder with Brand of Massachusetts Housing.

On March 28, 1974, plaintiff Stephen Cole learned of the proposed sale to Weale and Jordan. He went to West Lebanon and saw a tract of land which bore evidence of recent survey work. Upon learning the identity of the owner, Cole called Sylvia directly offering to purchase this land, and on Sunday evening March 31, 1974, Cole and Sylvia signed a contract of purchase and sale in Lebanon and a $3,000 deposit was made. The closing of the deal under this contract was scheduled for April 3, 1974, one day prior to the closing of the Weale and Jordan deal. Neither closing took place.

Meanwhile on April 1, 1974, Marchewka, the realtor, learned of the contract between Cole and Massachusetts Housing. A written

agreement containing the terms of the Weale and Jordan transaction was drawn and sent to Sylvia without a deposit. It was never executed by Massachusetts Housing. Both plaintiffs placed attachments on the land which still stands in the name of Massachusetts Housing.

The Statute of Frauds in this state provides as follows: "RSA 506:1 Sale of Land. No action shall be maintained upon a contract for the sale of land unless the agreement upon which it is brought or some memorandum thereof, is in writing and signed by the party to be charged, or by some person by him thereto authorized by writing." Such a statute is intended to promote certainty and to protect from frauds and perjuries in land transactions. J. Calamari and J. Perillo, Contracts § 282 (1970).

However, a strict enforcement of the statute can produce frustration on the one hand, and unethical conduct on the other. Calamari and Perillo, *supra* § 282. Hence the law seeks to alleviate the harshness of the statute when some operating facts, such as fraud, part performance or other equitable considerations, are present. Mere refusal to carry out an oral promise to convey land standing by itself is not fraud or ground for relief. 3 S. Williston, Contracts § 533A, at 809 (Jaeger ed. 1960).

However, a generally recognized ground for relief is when the prospective purchaser has taken possession of the property with the consent or knowledge of the seller and has made valuable improvements on the premises in anticipation of the transfer of title. Relief is based on the consideration that to enforce the statute would result in unjust enrichment to the seller or fraud on his part. *Sawin v. Carr*, 114 N.H. 462, 323 A.2d 924 (1974); L. Simpson, Contracts § 79 (2d ed. 1965); *Emery v. Dana*, 76 N.H. 483, 488, 84 A. 976, 978 (1912); *White v. Poole*, 74 N.H. 71, 65 A. 255 (1906).

The trial court based its decree of specific performance in favor of Weale and Jordan on the following findings and rulings. "The oral contract conveying real estate between Massachusetts Housing and the plaintiff Weale and Jordan was legally binding because it (1) contained a readily ascertainable purchase price, (2) contained the other necessary requisites of a real estate contract, and (3) that in reliance upon this oral contract the plaintiffs contracted for extensive closing and development costs. In addition the

plaintiffs assisted Massachusetts Housing in that their offer, which was accepted by Massachusetts Housing, resulted in the National Bank of Lebanon foregoing further steps to foreclose on the property. The Court finds that the plaintiffs' actions constituted sufficient part performance to take the contract out of the statute of frauds and make it a binding contract on the part of Massachusetts Housing."

The trial court properly found present one of the requirements to support a decree of specific performance, that is, that the terms of the oral agreement between Weale and Jordan and Massachusetts Housing were definite and ascertainable. *Sawin v. Carr,* 114 N.H. 462, 323 A.2d 924 (1974). However, it is well established that incurring expenses for a search of title and preparation of conveyances; measuring or surveying the land; securing estimates of the costs of improvements; arranging for financing for the purchase does not constitute sufficient part performance to take the case out of the requirements of the Statute of Frauds. 3 S. Williston, Contracts § 494, at 565 (Jaeger ed. 1960); 73 Am. Jur. 2d *Statute of Frauds* § 409 (1974).

Weale and Jordan were billed $150 for the mortgage deed and search of title and $2,860 for a preliminary survey and design of subdivision. However about half of the latter work was done after they had knowledge that Massachusetts Housing had signed a contract with Cole for the sale of this land. The abandonment of foreclosure proceedings did not constitute forbearance on the part of Weale and Jordan. They did not relinquish any rights or forbear to their detriment to take action which they might otherwise have taken. The benefits, if any, which the lack of foreclosure by the bank conferred on Massachusetts Housing would not constitute unjust enrichment of the defendant at the expense of Weale and Jordan. 73 Am. Jur. 2d *Statute of Frauds* § 453 (1974).

Thus the equitable considerations usually relied on to constitute part performance to justify ordering specific performance of an oral agreement to sell land in order to prevent fraud or unjust enrichment on the part of the defendant have not been specifically found by the trial court. An examination of the record before us also reveals that it would not support an order taking the oral agreement of the parties out of the statutory requirement that an agreement to sell land must be in writing.

The trial court properly ruled that the defense of the Statute of Frauds could be raised even though it might not have been timely filed. *Blanchard v. Calderwood,* 110 N.H. 29, 260 A.2d 118 (1969) ; *see* Superior Court Rule No. 26, RSA 491: App. R. 26 (Supp. 1975). However, the trial court's ruling that Massachusetts Housing and Cole were estopped from pleading the statute was in error. The repudiation of the oral contract by Massachusetts Housing was not in itself conduct which gives rise to estoppel. Nor does the action of Cole in taking advantage of the fact that Weale and Jordan had an unenforceable contract to purchase this land. To hold that they are estopped to assert the defense of the statute in the absence of part performance sufficient to constitute an equitable consideration to grant relief to the purchaser would amount to a virtual repeal of the statute itself. 2 A. Corbin, Contracts § 422A (Supp. 1971) ; *see* D. Dobbs, Remedies § 13.2, at 963 (1973) ; Annot., 56 A.L.R.3d 1037, 1077 (1974). The decree of the trial court is set aside and the order is

*Exceptions of Cole sustained.*

DOUGLAS, J., did not sit; the others concurred.