Merrimack
No. 90-321

## Riverwood Commercial Properties, Inc.

v.

## Farnum W. Cole & a.

July 26, 1991

*Castaldo, Hanna & Malmberg P.C.*, of Concord (*Steven L. Winer* on the brief and orally), for the plaintiff.

*Scotch & Zalinsky*, of Manchester (*Bertrand A. Zalinsky* on the brief and orally), for the defendants, Farnum W. Cole, Edward A. Cole, Caroline Phillips and Richard P.I. Cole.

THAYER, J.  The defendants appeal the order of the Superior Court (*Mohl*, J.) granting the petition of the plaintiff, Riverwood Commercial Properties, Inc. (Riverwood), to quiet title to a sixty-acre parcel of land in Pembroke. For the reasons that follow, we reverse and remand.

The dispute concerns a parcel of land known as the First Marston Lot (Marston Lot). On December 31, 1986, Riverwood petitioned the trial court for a declaration quieting title to the entire sixty-acre parcel of land in its name. Riverwood based its claim of full title to the Marston Lot on two theories. First, Riverwood asserted that it obtained title to the entire sixty-acre parcel through a series of conveyances that occurred between 1902 and 1979. Second, Riverwood alleged that, even if it did not possess good title by virtue of these conveyances, any other interest in the property would have since been lost to Riverwood's superior title under the doctrine of adverse possession.

The defendants disputed Riverwood's petition, and both parties waived their right to a trial and agreed to submit the case through memoranda of law, exhibits and a stipulated chain of title. According to the stipulated chain of title, the Marston Lot was initially owned in its entirety by Samuel Moore. In 1886, Mr. Moore conveyed the lot by deed to Frank S. Whitehouse and Charles B. Whittemore as tenants in common, granting to each an undivided one-half interest in the property. The chain of title which traces the Whitehouse half interest to Riverwood is undisputed and presents no issue in this case. Rather, the dispute between the parties in this petition nar-

rowly focuses upon an alleged conveyance in the chain of title to the Whittemore half interest. Riverwood contends that in 1911 or 1912, Charles B. Whittemore conveyed his entire interest in the Marston Lot to his wife, Clara R. Whittemore. However, Riverwood did not produce a deed or any other direct evidence which proves this conveyance. Instead, Riverwood argued that although the deed is irretrievably lost, tax and probate records, as well as the conduct of the parties, sufficiently prove the conveyance from Charles B. Whittemore to his wife.

The defendants argued that, because the record did not contain a deed which evidenced this alleged conveyance, Riverwood could not establish its claim to the entire Whittemore half interest through its series of conveyances. In the absence of a conveyance from Charles B. Whittemore to Clara Whittemore, the defendants claim to be entitled to a fractional share of the property by virtue of the laws of descent and distribution from Charles B. Whittemore, who died intestate, and through the chain of title of his son, Charles F. Whittemore. The parties stipulated to the conveyances that preceded the alleged conveyance from Charles B. Whittemore to Clara Whittemore. They also stipulated to the contents of the probate and tax records upon which Riverwood relies to prove the alleged conveyance.

On June 12, 1990, the trial court found that title to the entire property belonged to Riverwood on the basis of the conveyances between 1902 and 1979. In its order, the trial court held that "[i]n light of the tax records, probate records and the conduct of the parties with respect to the [Marston] Lot, . . . the plaintiff has met its burden of proving that it is more probable than not that Charles B. Whittemore conveyed his half interest in the Lot to Clara R. Whittemore." The trial court's order, however, does not reveal an initial finding that a deed evidencing the conveyance ever existed, nor did the trial court explicitly state whether Riverwood sufficiently established that the alleged deed was lost. In view of its decision, the court did not reach the issue of adverse possession.

On appeal, the defendants argue that the trial court erred in finding that Riverwood possessed title to the entire sixty acres of land, when there is no direct evidence of a duly executed deed or other writing which substantiates the alleged conveyance from Charles B. Whittemore to Clara Whittemore. Riverwood answers by arguing that the defendants failed to preserve their argument for appeal and, in the alternative, contends that the trial court was not required to find direct evidence of the existence of a deed, but could properly

rely upon the evidence submitted to conclude that such a deed at one time existed and was lost. Riverwood also contends that the equitable circumstances that exist in this case compel this court to affirm the trial court's decision.

We first address the preservation issue. Riverwood asserts that the defendants cannot raise their statutory arguments as a defense for the first time on appeal. However, in an action to quiet title the petitioner bears the burden of proving good title as against all other interested parties. *Seward v. Loranger*, 130 N.H. 570, 574, 547 A.2d 207, 210 (1988); *see* RSA 498:5-a, :5-b. From the outset, the defendants in the case before us disputed Riverwood's claim to title to the Marston Lot. In order to carry its burden of proof under the stipulated chain of title, Riverwood had to prove its claim to title by virtue of the various requirements provided by New Hampshire statutes and case law. *See* RSA ch. 477; RSA ch. 506. Because the defendants disputed the alleged conveyance from Charles B. Whittemore to Clara Whittemore, the existence or nonexistence of a deed evidencing this alleged conveyance was clearly before the trial court and ultimately dispositive of its decision. Although the defendants did not cite a particular statute in making their argument to the trial court, we will not restrict a party only to those authorities cited to the trial court. *See State v. Schachter*, 133 N.H. 439, 440, 577 A.2d 1222, 1223 (1990); *Chagnon Lumber Co. v. Stone Mill Const. Corp.*, 124 N.H. 820, 822, 474 A.2d 588, 589 (1984). The central theory underlying the defense to Riverwood's petition (the nonexistence of a deed evidencing the alleged conveyance) was raised before the trial court and fully addressed in its order. Therefore, we conclude that the defendants' arguments are properly before this court.

As a preliminary matter, we note the applicable standard of review. We will not disturb a trial court's decision unless it is erroneous as a matter of law or unsupported by the evidence. *Johnson v. Nash*, 131 N.H. 731, 734, 559 A.2d 842, 843 (1989). In the case before us, the trial court relied upon circumstantial evidence to find that "it is more probable than not that Charles B. Whittemore conveyed his half interest in the Lot to Clara R. Whittemore." However, the trial court did not make a finding as to the existence of a deed, its transfer or its subsequent loss or destruction. Given the lack of any direct evidence, the trial court could not properly have made any finding on this issue. *See* RSA 477:15; RSA 498:5-a, :5-b. Therefore, it was error to have found that Riverwood met its burden of proving title to the property by virtue of the conveyances in its chain of title.

■ It is well settled that in order to prove a conveyance of real property there must be an agreement represented by a memorandum, or some other writing signed by the party to be charged. *See Weale v. Massachusetts Gen. Housing Corp.*, 117 N.H. 428, 431, 374 A.2d 925, 927–28 (1977); *see also* RSA 506:1. The relevant deed statute in existence when the alleged conveyance occurred provided that:

> "Every estate or interest in lands, created or conveyed without an instrument in writing, signed by the grantor or his attorney, shall be deemed an estate at will only; and no estate or interest in lands shall be assigned, granted, or surrendered except by writing signed as aforesaid, or by operation of law."

P.S. 137:12 (1901) (currently codified at RSA 477:15). Therefore, in order for the conveyance of the Marston Lot from Charles B. Whittemore to Clara Whittemore to support Riverwood's claim through its chain of title, there must be a writing signed by the parties or evidence of its existence. *Id; see also* RSA 506:1.

■ Riverwood asserts that such a writing existed at one time, but has since been irretrievably lost. However, the initial question in a case where a deed or other writing has been lost is whether the original writing ever existed; the question of whether it has been lost is subsidiary. *See* McCORMICK ON EVIDENCE § 53, at 138–39 (3d ed. 1984). In the case at bar, there is absolutely no direct evidence of the existence of a deed which shows that Charles B. Whittemore conveyed the Marston Lot to his wife. The probate and tax records relied upon by Riverwood do not prove the existence or the contents of a duly executed deed. Tax records may be proper evidence of who paid taxes on the Marston Lot, *see Sorenson v. Wilson*, 124 N.H. 751, 758, 476 A.2d 244, 248 (1984), but such evidence does not sufficiently establish the existence of a deed. In New Hampshire, when a party attempts to establish the conveyance of property by an instrument lost by time and accident, evidence of the content and effect of the lost instrument cannot be given until it is established that such an instrument existed, fulfilled the formalities required by law, and has been lost. *Wells v. Iron Company*, 48 N.H. 491, 536 (1869).

This court has allowed the introduction of secondary evidence to prove the content and existence of a deed, but only after some direct evidence of the deed's existence and subsequent disappearance had been presented. For instance, in *Brooks v. Toperzer*, 122 N.H. 139, 441 A.2d 1177 (1982), an action to quiet title, this court found suffi-

cient evidence to prove the existence and contents of a lost deed. Although tax and probate records were considered, there was also evidence that the previous owner stated that he had sold the land to the defendant's husband. *Id.* at 141, 441 A.2d at 1178. Moreover, there was evidence that the deed to the property in question had been given to the defendant with instructions to put it with other papers. *Id.* at 140, 441 A.2d at 1178. Similarly, in *Davenhall v. Cameron*, 116 N.H. 695, 366 A.2d 499 (1976), this court held that a party may use circumstantial evidence to prove the discontinuance of a public highway, but only when essential town records have been destroyed. In that case, the plaintiff showed that he was unable to produce any direct evidence on the use of the property in question because the relevant town records were destroyed by fire. *Id.* at 697, 366 A.2d at 501. However, the *Davenhall* court refused to quiet title to the road on the basis of the plaintiff's circumstantial evidence, because he could not present any direct evidence showing that the road had been discontinued as a public way by virtue of a town vote. *Id.* at 698, 366 A.2d at 501.

▮ In contrast, Riverwood did not provide the trial court with any explanation for the missing deed. Nor does the record reveal a single fact which justifies the presumption of a deed from Charles B. Whittemore to his wife. Tax and probate records may show that Clara Whittemore retained an interest in the property, but they do not show whether she obtained her interest by virtue of a deed. *See Sorenson v. Wilson*, 124 N.H. at 758, 476 A.2d at 248. Therefore, in the absence of any direct evidence of the existence of a deed conveying the property to Clara Whittemore, it was error for the trial court to presume the existence of such a deed on the basis of circumstantial evidence.

▮ This case does not represent an instance where equity requires an exception to our statutory requirements. Our prior cases recognize such exceptions where a party has partially performed on a contract in reliance upon an oral promise, *see Weale*, 117 N.H. at 431–32, 374 A.2d at 928, or where strict enforcement of the statute would result in fraud, *see White v. Poole*, 74 N.H. 71, 73, 65 A. 255, 257 (1906). Riverwood does not assert either ground as a basis for relief. Rather, Riverwood argues that the length of time it has been in possession, the improvements it has made upon the land, and the difficulty involved in determining the effect a fractional interest would have on prior transactions, compel this court to find in Riverwood's favor. However, to create an exception to the requirements of

statutory law every time a party experiences difficulty in fulfilling those requirements would virtually be a rejection of the legislature's intent as embodied in the relevant statutes. Therefore, we adhere to the weight of authority before us and decline to find any such relief.

Accordingly, we reverse and remand for a determination of whether Riverwood possesses title to the property on the basis of adverse possession.

*Reversed and remanded.*

All concurred.