**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 05-2101

JEFFREY KILTY, ET AL.,

Plaintiffs, Appellants,

v.

WORTH DEVELOPMENT CORPORATION, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Joseph A. DiClerico, U.S. District Judge]

Before

Selya, Lynch and Howard,
Circuit Judges.

Richard N. Foley on brief for appellants.
William G. Scott and Boynton, Waldron, Doleac, Woodman &
Scott, P.A., on brief for appellees City of Portsmouth, Attorney
Robert Sullivan, Bradley Russ, and Chief Michael Magnant.
Paul McEachern and Shaines & McEachern, P.A., on brief for
appellees, Worth Development Corporation, Stuart Shaines and Robert
Shaines.

June 13, 2006

**Per Curiam**.   This case arises from the nonrenewal of a commercial lease between the tenant-plaintiffs, K & N Hospitality Group and its principals (collectively, "K & N"), and the landlord-defendants, Worth Development Corp. and its principals (collectively, "the Worth Defendants") for premises in Portsmouth, New Hampshire, where K & N had been operating a nightclub catering to African-American clientele.   K & N claimed that the refusal to renew or modify its lease was based on racial animus on the part of the Worth Defendants and various officials of the City of Portsmouth (collectively, "the Municipal Defendants"), who, K & N claimed, denied various permits and pressured the Worth Defendants not to modify or renew the lease.

The Worth Defendants have moved for summary affirmance on the one appellate issue involving them--whether the district court erred in dismissing K & N's breach of contract claim against them based on the statute of frauds.   For the reasons discussed below, we grant that motion.   In addition, for reasons also discussed below, we summarily affirm, sua sponte, the remaining district court rulings challenged by K & N on appeal, namely, (1) the dismissal of K & N's claim of tortious interference with contractual relations and (2) the exclusion of evidence of K & N's future lost profits.

A.        Dismissal of Breach of Contract Claim Based on
          Statute of Frauds

The district court dismissed K & N's claim that the Worth Defendants had breached a five-year lease (Count VI) as barred by the New Hampshire statute of frauds, N.H. Rev. Stat. Ann. § 506:1. As the district court recognized, under that statute, to be enforceable, a lease for a term of years must be in writing and signed by the prospective defendant. Id. at 4 (citing Byblos Corp. v. Salem Farm Realty Trust, 692 A.2d 514, 517 (N.H. 1997)).

K & N does not dispute that general principle or the absence of a signed five-year lease. However, it attempts to avoid strict enforcement of the statute of frauds by alluding to the Worth Defendants' "unclean hands" in their interactions with K & N and the Municipal Defendants. That conclusory allegation, without further development, does not rise to the level of a cognizable appellate argument, United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990), much less bring this case within the narrow exception to the statute of frauds cited in Halstead v. Murray, 547 A.2d 202 (N.H. 1988), on which K & N relies. See Weale v. Mass. Gen. Hous. Corp., 374 A.2d 925, 928 (N.H. 1977) (stating that "mere refusal to carry out an oral promise to convey land standing by itself is not fraud or ground for relief" from statute of frauds); see also Martin v. Applied Cellular Tech., Inc., 284 F.3d 1, 9 (1st Cir. 2002) (declining to extend the fraud exception to cover "any sort of contractual unfairness").  Moreover, to the extent that, by

-3-

"unclean hands," K & N is referring to its allegations that the Worth Defendants acted in bad faith or engaged in fraud or misrepresentation, summary judgment was entered against K & N on those very claims. Hence, K & G cannot rely on those allegations to circumvent the bar imposed by the statute of frauds.

B.     Judgment as a Matter of Law on Claim of Tortious Interference with Advantageous Contractual Relations

At the close of evidence, the district court granted the Municipal Defendants' motion for judgment as a matter of law on K & N's claim of tortious interference with advantageous contractual relations (Count III) on the grounds that there was insufficient evidence to submit that claim to the jury and that, in any event, it was duplicative of K & N's claims under 42 U.S.C. §§ 1981 and 1982. On appeal, K & N attempts to distinguish its tortious interference claim from its statutory civil rights claims by saying that only the latter claims allege that the interference with contractual relations was motivated by racial animus; the former claim alleges only interference per se. The problem with that argument is that, without a claim of racial animus or some other unlawful motive or means of interference, there is no valid claim of _tortious_ interference with contractual relations. Mere interference, in itself, is legally insufficient to state a claim. Rather, "[o]nly _improper_ interference is deemed tortious in New Hampshire." _Roberts_ v. _Gen. Motors Corp._, 643 A.2d 956, 961 (N.H. 1994). Here, the only interference K & N relies upon consists of

-4-

statements by the Municipal Defendants to the Worth Defendants that, because of public safety problems at the existing social club, they did not want the lease to be modified to permit the operation of a restaurant, which would be eligible for a liquor license, on the premises. We see nothing "improper" about such communications. Therefore, the district court correctly concluded that K & N's tortious interference claim was duplicative of its statutory civil rights claims.

C.       Exclusion of Evidence of Future Lost Profits

The district court excluded evidence of K & N's future lost profits on the ground that "New Hampshire law places the burden on the plaintiff to reduce future lost profits to net present value and that expert testimony is necessary to do so."[1] We need not decide whether the district court misstated New Hampshire law, as K & N argues, or otherwise abused its discretion in excluding this evidence, United States v. Guerrier, 428 F.3d 76, 79 & n.1 (1st Cir. 2005) (stating the applicable standard of review), cert. denied, 126 S. Ct. 1640 (2006), because any such error or abuse was harmless. Because the jury found the Municipal Defendants not liable on all counts, it never reached the issue of damages, future or otherwise. Therefore, its judgment could not have been "substantially swayed" by the absence of evidence of

---

[1]The district court properly looked to New Hampshire law on this issue. See Cummings v. Standard Register Co., 265 F.3d 56, 67 (1st Cir. 2001).

future lost profits, and so any error in excluding that evidence was harmless.  <u>Tiller</u> v. <u>Baghdady</u>, 244 F.3d 9, 15 (1st Cir. 2001).

Accordingly, the district court's judgment is <u>affirmed</u> in all respects.  <u>See</u> 1st Cir. R. 27(c).