Hillsborough-southern judicial district
No. 2009-263

MACTHOMPSON REALTY, INC.

v.

CITY OF NASHUA

Submitted: February 17, 2010
Opinion Issued: April 20, 2010

*Prunier & Prolman, P.A.*, of Nashua (*Gerald R. Prunier* on the brief), for the plaintiff.

*Office of Corporate Counsel*, of Nashua, for the defendant, filed no brief.

*Brennan, Caron, Lenehan & Iacopino*, of Manchester (*William J. Quinn* on the brief), for the intervenors, Francis and Marguerite Ruel.

HICKS, J. The intervenors, Francis and Marguerite Ruel, appeal the ruling of the Superior Court (*Lynn*, C.J.) enforcing a settlement agreement with the plaintiff, MacThompson Realty, Inc. (MacThompson), and the ruling that it did not violate the statute of frauds. *See* RSA 506:1 (1997). We affirm.

The following facts are supported by the record. On January 30, 2007, MacThompson filed a petition for declaratory judgment against the City of Nashua. The petition requested a ruling that would reverse a "stop work" order issued by the city preventing MacThompson from adding a third story to a commercial building in Nashua. Francis and Marguerite Ruel

and David and Janet Bangs lived near the work site. They petitioned to intervene in the case because they were concerned that the addition would affect the value of their homes.

The matter came before the Trial Court (*Sullivan*, J.) for a final hearing in September 2007. On the second day of the hearing, the court called a recess to facilitate settlement discussions. Attorney Gerald Prunier, who represented MacThompson, Attorney David Connell, who represented the City of Nashua, and Attorney Roy Duddy, who represented the Bangs, met in one conference room to discuss a potential settlement agreement while the Bangs and the Ruels waited in another room.

After establishing the terms of an agreement, the attorneys presented the proposal to their respective clients. Additionally, Attorney Duddy presented the proposal to the Ruels, who were self-represented. Attorney Duddy specifically told the Bangs and the Ruels that one term of the settlement agreement was that MacThompson would purchase their homes at a price to be determined by an appraiser.

After the parties agreed to the terms, Attorney Duddy prepared an agreement, which all of the parties signed. Attorney Duddy then submitted the only copy of the agreement to Judge Sullivan. At some point thereafter, before making additional copies, the court misplaced the agreement.

After the Bangs received an appraisal that they thought was too low, neither they nor the Ruels wanted to sell their properties according to the appraised prices. They further claimed that they never signed a settlement agreement.

In 2009, the parties appeared before the Trial Court (*Lynn*, C.J.) on the issue of whether the parties had in fact reached a settlement agreement. Although the Bangs and the Ruels both denied signing a settlement agreement obligating them to sell their homes, the trial court found that their testimony was not credible and that they did in fact sign a valid agreement.

The Bangs and the Ruels also claimed that because the settlement agreement was lost, it is unenforceable under the statute of frauds. Further, they argued that the agreement violated the statute of frauds because it did not include a specific price and did not require the intervenors to accept the appraisal.

The court determined that although the settlement agreement was misplaced, direct evidence established that a written agreement, sufficient to satisfy the statute of frauds, did in fact exist. The court also ruled that even though a specific sales price was not included in the settlement agreement, a contract that sets the price of realty with reference to the results of an appraisal to be completed in the future is sufficiently definite

to satisfy the statute. Finally, the court found that the intervenors were required to accept the price calculated by the appraiser.

## I

■ "As a preliminary matter, we note the applicable standard of review. We will not disturb a trial court's decision unless it is erroneous as a matter of law or unsupported by the evidence." *Riverwood Commercial Prop's v. Cole*, 134 N.H. 487, 490 (1991). The intervenors argue that the statute of frauds bars enforcement of the lost settlement agreement. The relevant statute of frauds provision provides, in part, that "[n]o action shall be maintained upon a contract for the sale of land unless the agreement upon which it is brought, or some memorandum thereof, is in writing." RSA 506:1; *see also* RSA 477:15 (2001). If a written agreement is lost or destroyed, the court may enforce it only if direct evidence establishes that it, in fact, did exist. *Riverwood Commercial Prop's*, 134 N.H. at 491.

■ Here, the trial court found that MacThompson produced direct evidence of the agreement through the testimony of Attorney Prunier and Attorney Duddy. Attorney Prunier testified that Attorney Duddy wrote a settlement agreement. When the court asked Attorney Prunier who signed the agreement, he stated, "Everyone. The attorneys and all of the parties." Likewise, Attorney Duddy, previously the Bangs' attorney, testified that he drafted a settlement agreement that all of the parties signed. Attorney Duddy also asserted that he submitted the only copy of the settlement agreement to the court.

Additionally, the plaintiffs introduced a letter, written by Attorney Duddy on September 10, 2007, into evidence. The letter was addressed to Attorney Prunier and confirmed that MacThompson Realty, the Bangs, and the Ruels had reached a settlement agreement. Specifically, it stated, "This note is to confirm the agreement that was reached between David and Janet Bangs, Frank and Marguerite Ruel and Mac Thompson [*sic*] Realty, Inc. last Friday at the Hillsborough County Superior Court South in reference to their participation as intervenors in the matter . . . ."

We conclude that the trial court's finding, that a written agreement did, in fact, exist, is supported by the evidence.

## II

We next consider whether the absence of a specific sales price violates the statute. The intervenors argue that the agreement is contrary to the statute of frauds because it refers to an appraiser setting the price of the homes. Since the agreement does not include a purchase price, they argue that an essential term of the agreement is missing. We review the trial

court's legal ruling, regarding the statute of frauds, *de novo*. *See PMC Corp. v. Houston Wire & Cable Co.*, 147 N.H. 685, 688 (2002).

■ In order to meet the requirements of the statute, "the writing must express the essential terms of the contract." *Greene v. McLeod*, 156 N.H. 724, 727 (2008) (quotation omitted). "An essential of any such agreement is the price and if it is neither stated nor determinable . . . the Statute of Frauds bars recovery." *Briand v. Wild*, 110 N.H. 373, 375 (1970).

■ The intervenors contend that the price of their property is not determinable from the settlement agreement; therefore, the price of the property cannot be identified without resort to parol evidence. Parol evidence is not ordinarily admissible to supply an essential term that has been omitted from an agreement. *Maisch v. Cobb*, 76 N.H. 62, 63 (1911).

■ To the contrary, however, the purchase price is readily determinable from the settlement agreement because it provides that the price of the property will be set by an appraisal. In *Robinson Company v. Drew*, 83 N.H. 459, 460 (1928), we held that although price is an essential term of an agreement, "that does not mean that the contract itself must fix the price or that the price may not be implied." Rather, as long as the "contract prescribes a method which will necessarily result in the determination of the price, that is enough." *Robinson Company*, 83 N.H. at 460-61. Further, "[w]hile parol evidence may not show the intent of the parties if the contract does not show it, such evidence may be used to show to what things and matters the contract refers." *Id.* at 461.

Although we have not specifically held that a contract setting the price of property by a future appraisal is sufficient to satisfy the statute of frauds, numerous other jurisdictions have. In *Lamore Restaurant Group, LLC v. Akers*, 748 N.W.2d 756, 763 (S.D. 2008), the Supreme Court of South Dakota upheld a contract that set the price for sale of realty by reference to the results of a specified appraisal. The court reasoned that "[t]he price term is sufficiently definite because both parties specifically agreed to pay or accept whatever price could be agreed upon by the appraisers." *Lamore Restaurant Group*, 748 N.W.2d at 763.

Likewise, in *Miller v. McCullough*, 224 S.E.2d 916, 917 (Ga. 1976), the Supreme Court of Georgia upheld an option contract providing that property would be sold at a price to be determined by an appraisal. The court concluded that the appraisal method is a suitable option since appraisals are customarily done to evaluate real estate. *Miller*, 224 S.E.2d at 917.

Similarly, the New York Supreme Court, Appellate Division, upheld a contract even though it merely assigned appraisers to determine the price

term of the property. *Marder's Nurseries, Inc. v. Hopping*, 573 N.Y.S.2d 990, 995 (App. Div. 1991), *appeal denied*, 592 N.E.2d 801 (N.Y. 1992). The court acknowledged that the contract was flawed because it did not specify how the appraisers would determine the purchase price. *Id.* Despite the possible hindrances in the appraisal process, the court found the contract valid. *Id.*

■ We hold that a contract which sets a price by a future appraisal is sufficiently definite to satisfy the statute of frauds. Here, the contract prescribes a method to determine the price of the homes and establishes the intent of the parties without the need to resort to parol evidence. *Robinson Company*, 83 N.H. at 461.

The intervenors further argue that the agreement is not enforceable because "the appraisal was not the final sales price." When appearing in court on the issue of whether the parties had reached a settlement agreement, Attorney Prunier admitted that the Ruels would have a right to contest the price determined by the appraiser if it was deemed completely unreasonable.

The trial court found that:

> [T]he parties reached a binding agreement that required Mac Thompson [*sic*] to buy, and the Bangs and the Rules [*sic*] to sell, the properties in question for the price indicated in the appraisal done by Crafts absent some extraordinary circumstances that would constitute legal grounds for avoiding any contractual obligation.

Because we agree with the trial court's reasoning, we find no error as a matter of law.

*Affirmed.*

BRODERICK, C.J., and DALIANIS and DUGGAN, JJ., concurred.