## PEARSON v. HORNE.

1. One person signed and delivered to another the following written contract: "Atlanta, Ga., July 19, 1909. In consideration of an advance of $1,000 to me by H. Horne, I hereby agree, if I should decide to sell my half interest in the property corner of Second and Cherry Streets, Macon, Ga., to give him the option of purchasing same for his clients, at any price that may be offered for the property by other parties." *Held*, that for a breach of contract on the part of the signer by selling the property to another person, without giving to the person therein named an opportunity to purchase it, a right of action arose to him individually. The words "for his clients" did not make the contract one with any persons as principals of the party named, so as to prevent its enforcement by him.

2. While the description "my half interest in the property corner of Second and Cherry Streets, Macon, Ga.," furnished a poor description of the property which formed the subject-matter of the contract, it was not on its face so vague and indefinite as to be incapable of being applied by extrinsic evidence to the property at that location in which the signer of the agreement had a half interest.

3. The contract above set out can not be held, on general demurrer to the petition, to be void because of indefiniteness as to the price to be paid, or as to the time within which the plaintiff was to accept the option, if given to him.

(a) Where it was alleged that the owner of the property sold it to a third person without affording to the plaintiff an opportunity to purchase it in accordance with the terms of the contract, and thus put it out of her power to comply with the contract, no tender on the part of the plaintiff was necessary.

FEBRUARY 13, 1913.

Complaint. Before Judge Pendleton. Fulton superior court. December 5, 1911.

*Little & Powell,* for plaintiff in error.

*George P. Whitman,* contra.

LUMPKIN, J. Henry Horne brought suit against Mrs. Louisa G. Pearson, alleging in substance as follows: On July 19, 1909, the defendant entered into the following written contract with the plaintiff: "Atlanta, Ga., July 19, 1909. In consideration of an advance of $1,000 to me by H. Horne, I hereby agree if I should decide to sell my half interest in the property corner of Second and Cherry Streets, Macon, Ga., to give him the option of purchasing same for his clients, at any price that may be offered for the property by other parties." This was signed by the defendant. The property was known as the Ayers building, and the Mallory-Taylor Drug Store, and the defendant owned a half interest therein.

On October 1, 1909, the defendant determined to sell her interest in the property for $23,000, and in violation of her agreement with the plaintiff, and without giving him any opportunity to buy her interest, and without notice to him, she sold the property to one Willingham for the amount named. The plaintiff was ready, willing, and able to purchase her interest in the property at the price for which she sold it, and would have done so if an opportunity therefor had been offered to him by the defendant, in accordance with her agreement. On the date mentioned the market value of the interest in the property was $28,000, and by reason of the defendant's breach of contract the plaintiff has been damaged the sum of $5,000.

The defendant filed a general demurrer to the petition. It was overruled, and she excepted.

1. The first contention urged by the plaintiff in error was that the right of action asserted in the petition, if any existed, was not in the plaintiff, who was a mere broker or real estate agent, purporting to act for another, but was in his principal. This contention is not well taken. It is declared by the Civil Code, § 3609, par. 3, that an agent has a right of action "in all cases where the contract is made with the agent in his individual name, though his agency be known." It has also been held that a contract signed by one with the addition of the word "agent" is a contract of the person signing, and he may be sued thereon individually. *Burkhalter* v. *Perry & Brown,* 127 Ga. 438 (2), (56 S. E. 631, 119 Am. St. R. 343). Here the contract was made by the defendant with the plaintiff. It was recited that $1,000 was advanced to her by him, not by any principal or client. She agreed "to give him the option of purchasing the same." The addition of the words "for his clients" did not change the contract into one with any particular principal or principals of the plaintiff. He was to have the privilege of purchasing the property. Whether he did so for himself or for the benefit of others described as "his clients" did not free her from the obligation to him. It does not appear that any person is claiming rights, as an undisclosed principal, against the defendant. From this it follows that it was not necessary to allege that the plaintiff ever presented to the defendant a client, ready, willing, and able to buy on the terms named.

2. It was argued that the contract was one relating to an in-

terest in land, and that the written agreement, which was set out as the basis of the suit was not sufficient to satisfy the statute of frauds. It was urged that the description of the property was so vague and indefinite as to render the contract unenforceable. That the contract was loosely and carelessly drawn there can be no doubt. But the description of the property was not so indefinite as to make the agreement void. The descriptive words, "my half interest in the property corner of Second and Cherry Streets, Macon, Ga.," were capable of being applied to the subject-matter by extrinsic evidence. If the description in the contract itself were so indefinite as to be incapable of application, the allegation in the petition that the property was known by a certain name would not save the contract. But the contract itself is not on its face void for indefiniteness of description. *Horton* v. *Murden,* 117 *Ga.* 72 (43 S. E. 786) ; *Harriss* v. *Howard,* 126 *Ga.* 325 (3), 330 (55 S. E. 59) ; 2 Devlin on Real Estate (3d ed.), §§ 1010, 1012; Halley's exr. *v.* Curry, 58 W. Va. 70 (51 S. E. 135, 112 Am. St. R. 944) ; Lick *v.* O'Donnell, 3 Cal. 59 (58 Am. D. 383).

It can not be said that a court will take judicial cognizance of the fact that there must be four corners where Second and Cherry Streets, come together, if this would affect the sufficiency of the description.

3. The price to be paid was sufficiently stated. Reasonably construed, the contract means that if any price should be offered the defendant which she would be willing to accept, she should give to the plaintiff the option of purchasing at that price. *Cothran* v. *Witham,* 123 *Ga.* 190 (51 S. E. 285). Nor do we think that the time within which the plaintiff should exercise the option was too indefinitely stated to be binding. He was bound to accept or reject when the defendant might offer him the property at the price fixed in the manner above stated. The contract does not state in terms for how long a period it was to be binding, whether permanently or for a reasonable time. But it was alleged that the defendant violated the contract by selling the property to another than the plaintiff, without giving him an opportunity to purchase it, thus putting it out of her power to comply with the contract; and there is nothing on the face of the petition to show that a reasonable time had elapsed, or that the agreement had terminated. *Northington-Munger-Pratt Co.* v. *Farmers Gin &c. Co.,* 119 *Ga.* 851 (7),

852 (47 S. E. 200, 100 Am. St. R. 210); *McLeod* v. *Hendry*, 126 *Ga.* 167 (2), 171 (54 S. E. 949).

There was no error in overruling the general demurrer.

*Judgment affirmed. All the Justices concur.*