25442. MORRIS v. YATES et al.

FRANKUM, Justice. The judgment under review is a summary judgment, granted upon the motion of the plaintiffs based upon the pleadings, ordering specific performance of a contract between the plaintiffs and the defendant whereby the defendant had agreed to sell to plaintiffs a certain described tract of land. Insofar as pertinent, the effect of the plaintiffs' complaint, considered together with their motion for a summary judgment, is that they had, prior to bringing the complaint, "by arrangement with the defendant . . . placed in escrow all of the money required by the said contract" and they had "demanded of the defendant that he comply with the contract on his part and proceed to close the sale of the property described in said contract, in accordance with its terms," but the defendant wilfully failed and refused to do so. A copy of the contract was attached to the complaint as an exhibit.

1. The description of the land which the defendant agreed to sell is specific and certain, but an analysis of other terms of the contract shows that they are too uncertain, vague, and indefinite to be specifically enforced. The contract provides that: "The purchase price of said property shall be: eighteen thousand seven hundred dollars,—to be paid as follows: $2,000 down payment, $16,700 payable—$107.12 per month for 360 months." While the purchase price and the "down payment" under this provision of the contract are definite and certain amounts, the provision with respect to the payment of the balance of the purchase price, to wit: $16,700 is indefinite and uncertain and leaves reasonable grounds for misunderstanding between the parties because the aggregate amount of the deferred payments provided for greatly exceeds the amount of the balance of the purchase price without showing any agreement as to what such excess would consist of, and because it is not stated whether a note or notes would be given for the deferred payments. *Crawford v. Williford*, 145 Ga. 550 (89 SE 488).

2. The contract provides: "Seller agrees to furnish a marketable title to said property and agrees to convey said property by warranty deed to purchaser at time sale is consummated, subject to: 1. All valid restrictions of record; 2. Zoning ordinances affecting the same; 3. Encumbrances as specified in

contract." No encumbrance is described in the contract, and, when this provision of the contract is considered together with two of the "special stipulations" contained therein, we think it is obvious that there was an existing loan or one to be obtained by the "purchaser" affecting the property in question. Special stipulation No. 2 provides, "This contract subject to buyer selling his present home and realizing at least $2,000 equity," and special stipulation No. 3 provides that "Any excess equity obtained from sale may be used to reduce FHA loan." There is no logical reason for the 3rd special stipulation unless it has reference to an existing loan or one to be obtained affecting the property. If this provision of the contract has reference to an existing loan the contract is indefinite and uncertain in that the amount of the loan, the rate of interest, to whom and where the same is payable, whether the same was to be assumed by the "purchaser" and whether the amount of the deferred payments called for would be affected if the "purchaser" should elect to reduce the loan, is not stated. If this provision has reference to a loan to be obtained it is equally indefinite and uncertain. What the parties contemplated is a mere guess. "If the terms of the contract are such that they can be reasonably misunderstood by the parties, clearly a court of equity has neither the power nor the means to discover the intentions of the parties by mere guess or conjecture." *Williams v. Manchester Bldg. Supply Co.*, 213 Ga. 99, 102 (97 SE2d 129).

3. Assuming that the contract is definite and certain as to the time the parties agreed it would be consummated, one of its terms provides that "seller and purchaser agree that such papers as may be legally necessary to carry out the terms of this contract shall be executed and delivered by such parties at time sale is consummated," but it is nowhere stated in the contract what, if any, papers other than a warranty deed by the "seller" to the "purchaser" would be executed pursuant thereto. Neither is it stated in the contract whether or not the "purchaser" would give a deed to secure debt conveying the property back to the "seller" as security for the deferred payments or was to give him any other kind of security for such deferred payments. Under the terms of the contract if the judgment decreeing specific performance thereof should be allowed to stand, the "seller" could be re-

quired to convey the property by warranty deed to the "purchaser" without the purchaser giving to him any note, notes or security for the deferred payments. Such would be inequitable and unjust and specific performance will be refused under such circumstances. Marsh v. Lott, 8 Cal. App. 384 (97 P 163); Klein v. Markarian, 175 Cal. 37 (165 P 3); 58 CJ 957, Specific Performance, § 133, n. 4 and 81 CJS 515, Specific Performance, § 40 b (3), n. 81.

4. A court of equity is not authorized to order the specific performance of a contract which is not certain, definite and clear, and so precise in all of its material terms that neither party can reasonably misunderstand it. *Studer v. Seyer*, 69 Ga. 125, 126; *Williams v. Manchester Bldg. Supply Co.*, 213 Ga. 99, supra.

5. The contract in question is void and the court erred in granting the summary judgment.

*Judgment reversed. All the Justices concur.*

ARGUED OCTOBER 15, 1969—DECIDED JANUARY 8, 1970—
REHEARING DENIED JANUARY 26, 1970.

*George H. Carley*, for appellant.
*Charles D. Read, Jr.*, for appellees.