27606. CHEWNING et al. v. BRAND et al.

SUBMITTED DECEMBER 12, 1972 — DECIDED MARCH 13, 1973.

*Merritt & Pruitt, Glyndon C. Pruitt,* for appellants.
*Raiford & Hills, Thomas C. Raiford, Jr.,* for appellees.

MOBLEY, Chief Justice. Parks R. Chewning and Paul D. Wilson brought a complaint against Gertrude L. Brand and Martha Brand, seeking specific performance of a written contract to sell land, and damages for failure to perform the contract.

The trial judge sustained the grounds of the motion to dismiss of the defendants asserting that the contract is too vague and indefinite to be enforceable; and that it fails to set forth in sufficient detail the description of the property and the method, manner, and procedure for the payment of the purchase price. The appeal is from this judgment.

1.  It is the contention of the appellees (defendants) that the description of the land in the contract is too indefinite because the number of acres is indefinite; all of the distances are approximate and no ascertainable landmark is given to indicate the point to which the line extends; and the giving of the landowners on each side of the tract does not aid the description because the landowner on the south is the seller, and it is therefore

impossible to ascertain where the south line of the tract would be.

The description shows the property as bounded on the west by a highway, and on the north and east by named persons. On the south it is bounded by "W. M. Brand and Gertrude L. Brand land." The action for specific performance is brought against Gertrude L. Brand and Martha Brand. The land owned by W. M. Brand and Gertrude L. Brand may be a separate tract from that owned by the appellees which is the subject matter of the contract of sale. If so, the description contains a key by which the land may be identified by the aid of parol evidence.

It was thus error for the trial judge to hold that the description of the land was too indefinite to authorize specific performance.

2. The purchase price was stated in the contract as follows: "$1,900 per acre, to be paid as follows: Purchaser to pay 15% down. Seller to finance balance for a period of ten years payable in equal annual payments at 7% interest per annum." It was stipulated: "Seller and purchaser agree that such papers as may be legally necessary to carry out the terms of the contract shall be executed and delivered by such parties at time sale is consummated." One of the special stipulations was: "Land to be released at the rate of 120% payment per acre."

The appellees rely on the third division of *Morris v. Yates,* 226 Ga. 43 (172 SE2d 428). In the *Morris* case the contract provided for deferred payments, but did not require that the purchaser give any note, notes, or security for the deferred payments. This court held that the contract would require the seller to convey the property by warranty deed to the purchaser without the purchaser giving any note, notes, or security, that this would be inequitable and unjust, and specific performance should be refused.

The present case is distinguishable from *Morris v. Yates,* supra, in that the special stipulation, "Land to be released at the rate of 120% payment per acre," could only mean that the land to be purchased would remain subject to a lien in favor of the sellers until the deferred payments are paid in full to them.

However, we have re-examined the third division in *Morris v. Yates,* supra, and have determined that the third division was obiter. The opinion had already held that the terms of the contract were too indefinite to be specifically enforced, and it was unnecessary to hold that the terms were inequitable.

It is our opinion that this court erred in holding that a provision in a contract for deferred payments, without a provision for security to the seller, makes a contract inequitable, unjust, and unenforceable under Code § 37-805. The particular circumstances of the case would determine whether such a contract is fair and just to both parties. We therefore expressly disapprove the third division of *Morris v. Yates,* 226 Ga. 43, supra.

The terms of payment in the present case were definite enough to be enforced by specific performance, and the contract does not show that it is inequitable, unjust, or against good conscience. The trial judge erred in dismissing the complaint.

*Judgment reversed. All the Justices concur.*