## 30959. RHYNE v. GARFIELD.

HALL, Justice.

Plaintiff, Plato S. Rhyne, Jr., appeals from the grant of a motion to strike all three counts of his petition and the consequent dismissal of his complaint. We agree that the trial court was in error and reverse.

Rhyne contracted to purchase the home of Ramona Garfield for $90,000.00 on July 13, 1975. The covenants included a clause requiring the seller to furnish a "termite letter" and provided for payment of $1,000 earnest money and $8,000 in cash at closing, for the assumption of a $72,000 particularly described mortgage, and for the remaining $10,000 to be paid either in cash or pursuant to a five-year note to the seller. The terms of this note, as provided in the contract, were either "five equal annual payments, plus accrued interest of 8%," or "seller to accept $1,000 — plus accrued interest the first year in lieu of the five equal payments, the balance to be paid in four equal payments plus accrued interest. First payment becoming due on September 1, 1976." There was no acceleration clause, nor were there provisions to secure the note in the contract.

On August 1, 1975, the closing date, the seller refused to consummate the sale. Rhyne thereafter brought this suit in three counts for specific performance and for damages for his loss of bargain. Garfield answered and filed her motion to strike Rhyne's claims because the contract was too vague and indefinite to be enforceable. The trial court granted her motion and dismissed the complaint.

The standard to be applied to a motion to strike is the same as that on a motion for failure to state a claim upon which relief can be granted. *Potpourri of Merrick v. Gay Gibson,* 132 Ga. App. 565 (208 SE2d 579) (1974); *Morgan v. White,* 121 Ga. App. 794 (175 SE2d 878) (1970). This court recently reiterated that rule in *Dillingham v. Doctors Clinic,* 236 Ga. 302 (1976): " 'Under the CPA, a pleading should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' *Cochran v. McCollum,* 233 Ga. 104 (210 SE2d 13) (1974)." This applies to equitable cases as well as to those at law. *Durbin v. Woods,* 235 Ga. 120 (218 SE2d 865) (1975); *Ammons v. Bolick,* 233 Ga. 324 (210 SE2d 796) (1974).

Garfield's contention that the requirement of a "termite letter" rendered the contract too vague and indefinite to be enforceable is without merit. This term's meaning and the contractors' intentions are issues of fact to be determined by the trial court. We cannot say, applying the *Dillingham* standard, that the plaintiff cannot show by any set of facts what the parties had in mind. Code Ann. § 20-702; *Paul v. Paul,* 235 Ga. 382 (219 SE2d 736) (1975).

Similarly, the trial court erred in holding that the payment plan set out in the contract was unenforceable as a matter of law. There is nothing inherently vague or improper in providing for alternative forms of payment in a contract to sell realty as long as each alternative is sufficiently definite to be enforced. *Horner v. Savannah Valley Enterprises,* 234 Ga. 371 (216 SE2d 113) (1975) (compare with *Thomas v. Harris,* 127 Ga. App. 361 (193 SE2d 260) (1972)). The alternatives embodied in the contract meet this criterion. *Griffis & Weaver Builders v. Hopson,* 230 Ga. 459 (197 SE2d 694) (1973); *Penta Investments, Inc. v. Robertson,* 230 Ga. 401 (197 SE2d 358) (1973); *Chewning v. Brand,* 230 Ga. 255 (196 SE2d 399) (1973).

Furthermore, there is no requirement that a note must include an acceleration clause or that a note must be secured. *Chewning v. Brand,* supra, reversing *Morris v. Yates,* 226 Ga. 43 (3) (172 SE2d 428) (1970). These are

matters of bargaining to be considered at the time of the contract.

The trial court erred in granting Garfield's motions to strike and dismissing the complaint.

*Judgment reversed. All the Justices concur.*

SUBMITTED MARCH 22, 1976 — DECIDED APRIL 20, 1976.

*Paul R. Kohler,* for appellant.
*Albert B. Wallace,* for appellee.