54906. MAHEIA et al. v. WEEKS.

DEEN, Presiding Judge.

This appeal is taken by plaintiffs from an order which partially granted defendant Weeks' motion to strike certain portions of plaintiffs' complaint.

1. Plaintiffs assert three enumerations of error on appeal. However, this appeal arose as an interlocutory appeal when plaintiffs obtained a certificate for immediate review from the trial court after defendant's motion was granted and plaintiffs' motion for partial summary judgment and motion for an order compelling answers of a deponent were denied. Code Ann. § 6-701 (a) 2 (B) requires applications for immediate review to ". . . be in the nature of a petition and shall set forth the need for such an appeal and the issue or issues involved therein. . . Within 10 days after an order is issued granting such appeal, the applicant, to secure a review of the issues, may file a notice of appeal as provided in section 6-802." Plaintiffs' petition for immediate review states that they ". . . desire immediate review of that portion of the trial court's order which granted [d]efendant's motion to strike [p]aragraphs 18 through 21 of their complaint." By not enumerating the denial of their motions as error in their petition, plaintiffs are deemed to have abandoned appellate review of that portion of the trial court's order.

2. In their complaint, plaintiffs allege that they sustained personal injuries and property damage when defendant caused the electricity and natural gas to their apartment to be terminated and claim approximately $1,000 in actual damages and $3,000 in exemplary damages for these acts. They also set out a claim against defendant for a further $25,000 in exemplary damages alleging that defendant committed similar actions against third parties and that he was aware that his conduct in those actions was a violation of the Atlanta Housing Code.

Code Ann. § 105-2002 provides: "In every tort there may be aggravating circumstances, either in the act or the intention, and in that event the jury may give additional damages, either to deter the wrongdoer from repeating the trespass or as compensation for the wounded feelings of the plaintiff." The award of exemplary damages is an award in addition to such as may be primarily recovered in the pending tort action and is a matter of discretion for the jury. See *Beverly v. Observer Pub. Co.*, 88 Ga. App. 490 (77 SE2d 80). However, in this jurisdiction, acts by a

defendant against third parties do not provide plaintiff with a cause of action regardless of whatever evidentiary value they may have at trial to prove defendant's intent. Therefore, the trial court correctly struck certain paragraphs of defendant's complaint. "The standard to be applied to a motion to strike is the same as that on a motion for failure to state a claim upon which relief can be granted. [Cits.]." *Rhyne v. Garfield,* 236 Ga. 694, 695 (225 SE2d 43).

3. Appellant argues that in granting defendant's motion to strike, the motion has been treated by the parties and the trial court as a ruling on the admissibility of certain evidence at trial. An examination of the record does not reflect plaintiffs' fears. Defendant made a motion to strike and the trial court ruled on it without comment. Any ruling by this court upon the admissibility of such evidence would be both improper and premature as that issue is not properly before this court.

*Judgment affirmed. Webb and Birdsong, JJ., concur.*

ARGUED NOVEMBER 3, 1977 — DECIDED NOVEMBER 17, 1977 — REHEARING DENIED DECEMBER 1, 1977 —

*John S. Graettinger, Jr.,* for appellants.
*Gerald Friedlander, Hurt, Richardson, Garner, Todd & Cadenhead, A. Paul Cadenhead, R. Dennis Withers,* for appellee.
*Kenneth G. Levin, Kendric E. Smith, Carolyn S. Weeks,* amicus curiae.