## 55526. LAYTON v. MORRISON.

Deen, Presiding Judge.

1. Generally, over a best evidence objection, a photocopy may not be admitted in evidence without accounting for the original. *Photographic Business &c. News v. Commercial Color Corp.,* 122 Ga. App. 825 (1) (178 SE2d 922) (1970). Here the plaintiff admitted having the original document on which he sued in his possession at home, and he proffered a photocopy which he swore was identical with the original. An unqualified reception of the copy would be error. Where, however, the court made a provisional ruling that the copy would be received subject to substitution of the original (thereby proving the two were in fact identical) and the defendant's attorney said only, "If there is no change . . . if the original and copy agree with each other," this amounted to acquiescence in the ruling. Where the substitution was in fact made and no further objection urged, the point will be taken to be waived.

2. The contract in question, attacked on the ground of vagueness, is essentially an agreement to trade. The defendant's stated obligation was "clearing 5 acres, clearing stumps, brush, leveling yard area, burning brush and install septic tank according to county spec[ification]s and harrowing." The plaintiff was to allow the partnership to receive money on timber removed from the property and sold, and on top soil removed from pond

area; he had the choice of timber to be left on the property and had no obligation to personally pay any bills or expenses.

The contract is of course grossly deficient in not locating the property to be cleared, describing or locating the septic tank or "pond area" or stating whose obligation it would be to construct a pond. There is testimony that some of these deficiencies were eliminated by oral agreements. "Where an alleged contract for services is so vague and indefinite that it cannot be determined therefrom what services are intended to be performed, there can be no action thereon. *Prior v. Hilton & Dodge Lumber Co.,* 141 Ga. 117 (80 SE 559). The defendant, if liable, is liable only in quantum meruit for the services actually rendered. *Mosteller v. Mashburn,* 64 Ga. App. 92 (1) (12 SE2d 142)." *Jones v. Ely,* 95 Ga. App. 4 (2) (96 SE2d 536) (1957). However, nothing in the contract describes it as containing the entire agreement of the parties, and the testimony shows that the plaintiff and one Sizelove designated in the document as the defendant's partner agreed orally on the location of the five acres, the size and location of the septic tank, and so forth. The trial court correctly ruled that there was no obligation on the defendant to construct a pond. The plaintiff's only obligation was to allow access to the property and that was done. The defendant's obligations included removal of trees, which was done, and subsequent improvements of the property which are sufficiently definitely outlined were not performed. In view of the fact that there was total performance on the part of the plaintiff and partial performance on the part of the defendant through his partner, it is obvious that this contract was partly in writing and partly in parol. So construed, it is not void for indefiniteness. "[E]ven though subsidiary promises in a contract may be indefinite, this will not cause the entire contract to be unenforceable if the main promise is sufficiently clear to be capable of enforcement." *Southern Airways Co. v. DeKalb County,* 102 Ga. App. 850, 859 (118 SE2d 234) (1960).

3. An objection to a charge of the court is based on the statement that the judge refused a request on the subject proffered by the defendant while granting an almost

identical one proffered by the plaintiff. Regardless of whether or not prior knowledge of this decision affected the arguments of counsel to the jury, it shows no reversible error. Where the court substantially covers the principles of law requested, no error appears. *Seaboard C. L. R. Co. v. Davis,* 139 Ga. App. 138 (2) (227 SE2d 915) (1976).

*Judgment affirmed. Smith and Banke, JJ., concur.*

SUBMITTED MARCH 2, 1978 — DECIDED MARCH 14, 1978.

*Drake & Tracy, John L. Tracy,* for appellant.
*Burt, Burt & Rentz, Walter H. Burt, III,* for appellee.