58920. WILEY v. TOM HOWELL & ASSOCIATES, INC.

QUILLIAN, Presiding Judge.

This is an appeal from the grant of a motion for summary judgment to the defendant — Tom Howell & Associates, Inc. (Howell). Plaintiff — Wiley, signed an "exclusive listing contract" with defendant Howell for the sale of his home. Included within the "special stipulations" section of the listing contract was the phrase: "w/option to accept appraised in 60 days." The testimony of the plaintiff — Wiley, and Mr. Wood, an employee of the defendant realty firm, established that Wiley gave Howell the exclusive listing contract to sell his house within 60 days, and if the house was not sold to a third party, Howell would purchase the house — at an undetermined price — the "appraised" value. Wiley would then have the option of accepting or rejecting the tendered "appraised" price. The house was not sold and no offer was forthcoming from Howell to purchase the house. Wiley had moved to Texas, was unable to continue to make payments upon his former home, and foreclosure was made upon the house and it was sold. Wiley brought this action. Howell moved for summary judgment, substantially alleging that the Statute of Frauds precluded enforcement of that portion of the sales contract relating to the "sales option" of Wiley. Wiley appeals from the grant of summary judgment to Howell.

*Held:*

An option contract for the sale of realty comes within the Statute of Frauds and "writings . . . relied on to take the transaction out of the Statute of Frauds . . . 'must (a) identify the buyer and seller, (b) describe the subject matter of the contract, and (c) name the consideration.' " *Powell v. Adderholdt,* 230 Ga. 211, 212-213 (196 SE2d 420). Thus, the crucial issue is whether the cryptic phrase — "w/option to accept appraised in 60 days" embodies all of the essentials of an option contract for realty. We are of the opinion that it does not.

The document sufficiently identified the buyer and seller, and subject matter of the contract. However, we do not find the consideration stated with sufficient certainty.

Option contracts for the sale of realty require the same degree of definiteness as general contracts. "The required definiteness includes such matters as . . . the price, and the terms of payment." Pindar, Ga. Real Estate Law 575, § 18-10. "The contract must either state the price to be paid for the property or set forth criteria by which it may be calculated." Pindar, Ga. Real Estate Law 577, § 18-12; Abraham, Ga. Real Estate Sales Contracts 52, § 7-1. "The offer must be complete and definite in all respects, since it becomes a contract on acceptance." Abraham, Ga. Real Estates Sales Contracts 32, § 4-2.

Although this is an action for damages, cases grounded in equity may be considered. "A court of equity will not decree the specific performance of a contract for the sale of land unless there is a definite and specific statement of the terms of the contract. The requirement of certainty extends not only to the subject matter and purpose of the contract, but also to the parties, consideration, and even the time and place of performance, where these are essential. Its terms must be such that neither party can reasonably misunderstand them. It would be inequitable to carry a contract into effect where the court is left to ascertain the intention of the parties by mere guess or conjecture, because it might be guilty of erroneously decreeing what the parties never intended or contemplated." *Williams v. Manchester Bldg. Supply Co.,* 213 Ga. 99, 101 (97 SE2d 129); *Morris v. Yates,* 226 Ga. 43 (4) (172 SE2d 428).

"In an action for specific performance of a contract to convey realty, the consideration must either be expressly stated by the writing itself or it must furnish a key by which the amount of the purchase-price can be ascertained. [Cit.] If its ascertainment becomes impossible, there is no sale. [Cit.] Such a key cannot, however, afford a basis to add by parol an essential element to the

validity of a contract, or to contradict in anywise the terms of the written agreement." *Sturdivant v. Walker,* 202 Ga. 585 (4) (43 SE2d 527). "A contract cannot be enforced in any form of action if its terms are incomplete or incomprehensible. There are instances when certain deficiencies or ambiguities may be explained by facts aliunde the instrument itself. However, information of such extrinsic nature may not be utilized to supply that which is essential to constitute a valid contract." *West v. Downer,* 218 Ga. 235, 241 (127 SE2d 359).

"Option agreements have generally been held or recognized to be sufficiently definite as to price to justify their enforcement if either a specific price is provided for in the agreement or a practicable mode is provided by which the price can be determined by the court *without any new expression by the parties themselves.*" (Emphasis supplied.) 2 ALR3d 703, § 3. Accordingly, from the foregoing criteria, we conclude that the agreement must be complete within itself as to the essential elements or a "key" or "practical mode" provided within the contract by which a definite price may be ascertained, and if there is such a deficiency parol evidence is not admissible to add to, take away from, or vary the written contract (Code Ann. § 20-704 (1); Ga. L. 1964, pp. 414, 415), but would be admissible to explan ambiguities.

We do not find the term "appraised" to be ambiguous but conclude that it does not provide sufficient certainty — standing alone — to provide a "key" or "mode" by which a sale price could be determined by a court without any new expression of the parties. . . . The basic deficiency of this term lies not in the designation of the method, but the incompleteness of the manner by which the property was to be appraised. Was it to be appraised by a "banker" as the defendant stated? Or — was it to be a person "picked from the Yellow Pages" as related by Wiley? Was the omission of the word "appraiser" intentional — as stated by the defendant, or was it inadvertant as it was understood by the plaintiff? Was the defendant to select the appraiser — because he was going to select a "banker," or were the parties jointly to select an appraiser — as stated by the plaintiff? The appraisal method could have been made certain by designating by whom or how the appraisal was to be conducted. See *Carroll v. Jones,* 206 Ga. 332 (57 SE2d 173); *Miller v. McCullough,* 236 Ga. 666 (1) (224 SE2d 916).

Parol or extrinsic evidence cannot supply the deficiency of the missing essential element. " 'A contract involving the purchase and sale of land, that has been partly reduced to writing and partly rests in parol, does not meet the requirement of the statute [of frauds] and is incapable of enforcement.' [Cits.]." *McKee v. Cartledge,* 79 Ga.

App. 629 (2) (54 SE2d 665). "There is a difference between ambiguity, which imports doubleness and uncertainty of meaning, and that degree of indefiniteness which imports no meaning at all. The former can be explained by parol. The latter cannot be merely explained, but a deficiency must be supplied." *Jones v. Ely,* 95 Ga. App. 4, 7 (96 SE2d 536); *Southern Airways Co. v. DeKalb County,* 102 Ga. App. 850, 859 (118 SE2d 234); *Layton v. Morrison,* 145 Ga. App. 307, 308 (243 SE2d 697).

In the instant case where the parties differ as to the method of appraisal — or determining the amount of the consideration, this deficiency cannot be supplied by parol. See *Williams v. Manchester Bldg. Supply Co.,* 213 Ga. 99, 102, supra; accord, *Sturdivant v. Walker,* 202 Ga. 585 (4), supra; *McKee v. Cartledge,* 79 Ga. App. 629 (2), supra. We find the contract incomplete, indefinite, and unenforceable. The trial court did not err in granting summary judgment to defendant.

*Judgment affirmed. Deen, C. J., Shulman, Banke, Birdsong, Carley and Sognier, JJ., concur. McMurray, P. J., and Smith, J., dissent.*

ARGUED NOVEMBER 20, 1979 — DECIDED MARCH 19, 1980 — REHEARING DENIED APRIL 4, 1980.

*Andrew R. Kirschner,* for appellant.
*Paul Oliver,* for appellee.

SMITH, Judge, dissenting.

Appellee, Tom Howell & Associates, induced appellant to enter into an "exclusive listing contract" by promising to purchase appellant's house, at appellant's option, if the house remained unsold after sixty days. The purchase price would be the "appraised" value of the house. Taking appellee at its word, appellant exercised his option. See 91 CJS 836, Vendor & Purchaser, § 4. Appellee refused to perform. As a result, appellant suffered great financial loss. The majority, holding that the option is unenforceable because the consideration is not sufficiently stated to satisfy the Statute of Frauds, has determined that appellee does not have to compensate appellant for the losses appellant incurred on account of appellee's breach of faith. I respectfully dissent.

The provisions of the following option for the sale of real estate were at issue in *Pearson v. Horne,* 139 Ga. 453 (77 SE 387) (1913): "In consideration of an advance of $1,000 to me by H. Horne, I hereby agree if I should decide to sell my half interest in the

property corner of Second and Cherry Streets, Macon, Ga., to give him the option of purchasing same for his clients, *at any price that may be offered for the property by other parties.*" (Emphasis supplied.) The Georgia Supreme Court held: "The price to be paid was sufficiently stated. Reasonably construed, the contract means that if any price should be offered the defendant which she would be willing to accept, she should give to the plaintiff the option of purchasing at that price." Id. at 455.

The majority does not attempt to distinguish *Pearson* from the case at bar. In neither case can the purchase price be ascertained from the contract itself. To essentially the same extent as the contract in *Pearson,* the contract in the instant case "furnishes the key by which [the purchase price] can be ascertained . . ." *Baker v. Lilienthal,* 176 Ga. 802, 806 (169 SE 28) (1933). Certainly, the price term at issue in this case is no less specific than the price term upheld by the Georgia Supreme Court in *Pearson*. I do not believe the statement of consideration is insufficient merely because it speaks in terms of an "appraised" value rather than a specific dollar amount. See 77 AmJur2d 213, Vendor & Purchaser, § 33; Coles v. Peck, 96 Ind. 333 (1884); *Pearson v. Horne,* supra.

Obviously, the contract provision at issue in this case is not a paragon of legal draftsmanship. However, under *Pearson,* I think it is sufficient to satisfy the requirements of the Statute of Frauds. Appellee should be bound by its word.

I am authorized to state that Presiding Judge McMurray joins in this dissent.