## A00A1898. PETTIGREW v. COLLINS et al.

(539 SE2d 214)

MIKELL, Judge.

This appeal is before this Court from the grant of partial summary judgment to the defendants on plaintiff's claim seeking specific performance of an option to purchase real property. Because the option is unenforceable, we affirm.

The owner of the subject property, Mildred Fincher, died testate on August 11, 1997. Defendants are her three surviving children. Plaintiff is the son of defendant Louise Fincher Pettigrew and the nephew of defendant Linda Fincher Collins, who is the executor of the decedent's estate.

On August 24, 1997, plaintiff, his wife, and the defendants executed a document captioned "Two Year Rental Agreement With First Option To Buy." The agreement provided that the plaintiff would repair, remodel, and maintain the property in lieu of paying rent. The agreement further provided: "The house will be appraised in September 1997. If we elect to purchase the home after the two years, we will pay the 1997 appraisal price. . . ." On September 1, plaintiff, his wife, and the executor executed a document stating that plaintiff and his wife "are purchasing" the house "at a previously agreed to price." Plaintiff and his wife took possession of the property on August 24 and allegedly made substantial improvements thereon.

An appraisal dated September 9, 1997, valued the property at $26,500. On August 20, 1999, plaintiff attempted to exercise his option to purchase the property by tendering $33,700. This sum represented the 1997 appraised value plus $7,200 in rent plaintiff had agreed to pay in the event that he exercised his option. The defendants refused to sell the property. Plaintiff filed suit, seeking specific performance, or alternatively, to recover $35,000 in quantum meruit for the reasonable value of the improvements he made to the property. Plaintiff also sought unspecified damages for breach of contract as well as expenses of litigation under OCGA § 13-6-11. Defendants moved for, and were granted, partial summary judgment on the specific performance count.

*Wiley v. Tom Howell & Assoc.*[1] and its progeny govern the disposition of this appeal. As held in *Wiley*, an option contract for the sale of real property falls within the Statute of Frauds. As such, the contract must (a) identify the buyer and seller, (b) describe the subject matter of the contract, and (c) name the consideration.[2] At issue in *Wiley*, as in the case sub judice, is whether an option contract which states the price of the property as its "appraised" value sufficiently

---

[1] 154 Ga. App. 235 (267 SE2d 816) (1980).

[2] Id. at 236.

names the consideration. As we explained in *Wiley*, it does not.

> "Option agreements have generally been held or recognized to be sufficiently definite as to price to justify their enforcement if either a specific price is provided for in the agreement or a practicable mode is provided by which the price can be determined by the court without any new expression by the parties themselves." 2 ALR3d 703, § 3. Accordingly, from the foregoing criteria, we conclude that the agreement must be complete within itself as to the essential elements or a "key" or "practical mode" provided within the contract by which a definite price may be ascertained. . . . We do not find the term "appraised" to be ambiguous but conclude that it does not provide sufficient certainty — standing alone — to provide a "key" or "mode" by which a sale price could be determined by a court without any new expression of the parties.[3]

In this case, as in *Wiley*, plaintiff's agreement to "pay the 1997 appraisal price" fails for indefiniteness. Plaintiff's attempts to distinguish *Wiley* are unavailing. It is true that the plaintiff in *Wiley* did not lease or improve the property, as has the plaintiff in this case. However, plaintiff's possession and improvements do not negate the necessity of establishing a definite price for the purchase of the property.[4] This plaintiff has failed to do so as a matter of law. The record is replete with evidence that the parties could not agree upon a purchase price. Accordingly, *Wiley* bars enforcement of the option contract.

Nor do we agree with plaintiff's argument that his claim for specific performance remains viable under OCGA § 23-2-131 (b). That Code section, an equitable exception to the Statute of Frauds, provides for specific performance of a *parol* contract for the sale of real property if the buyer can demonstrate "possession . . . with valuable improvements . . . done with reference to the parol contract."[5] In his complaint, plaintiff seeks to enforce the *written* agreement dated August 24, 1997. Hence, OCGA § 23-2-131 (b) is inapplicable.

Plaintiff's attempt to characterize the written option contract and the parties' subsequent actions as an enforceable parol agreement fails to take into account the missing element of price. Parol or extrinsic evidence is inadmissible to supply the missing essential ele-

---

[3] Id. at 237.

[4] Plaintiff's remedy for recovery for any improvements made upon the property lies in his claim for quantum meruit.

[5] (Citation omitted.) *Engram v. Engram*, 265 Ga. 804, 805-806 (1) (463 SE2d 12) (1995).

ment.[6]

Finally, plaintiff's reliance on *Braddy v. Boynton*[7] is misplaced, as *Braddy* is factually inapposite. In *Braddy*, the Supreme Court affirmed the summary judgment granted to the buyer on his claim for specific performance of a parol contract for the sale of real property. There was no written agreement, and the only term the seller disputed was the closing date, which the Court ruled was not material.[8] In the instant case, a written agreement existed, but it was unenforceable.

Accordingly, the trial court did not err in granting summary judgment to the defendants on the specific performance count of plaintiff's complaint.

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED SEPTEMBER 13, 2000 —
RECONSIDERATION DENIED OCTOBER 3, 2000 — 

*R. Keith Prater*, for appellant.
*Glover & Davis, J. Littleton Glover, Jr.*, for appellees.

---

[6] *Wiley*, supra.
[7] 271 Ga. 55 (518 SE2d 411) (1999).
[8] Id.