A04A0831. A. S. REEVES & COMPANY, INC. v. McMICKLE et al.
(605 SE2d 857)

SMITH, Chief Judge.

A. S. Reeves & Company, Inc. (Reeves) appeals the trial court's grant of summary judgment in favor of appellees Wayne and Louise McMickle with respect to an option contract for the purchase of realty. The trial court ruled that the option violated the Statute of Frauds because it was vague and lacked essential terms; it therefore was void and unenforceable. We agree and affirm.

In January 1996, the McMickles conveyed ten acres of land to Reeves. The McMickles financed the purchase. In October 1997, Reeves apparently was unable to make payments on the note and asked Wayne McMickle to reduce the amount of the debt in exchange for a reconveyance of four acres of property. Reeves also requested an option to repurchase the property, and McMickle consented on condition that the option be contingent on owner financing. Pursuant to this agreement, Reeves executed a warranty deed conveying four acres of land to the McMickles. The deed contained the following language:

> Grantee gives grantor an exclusive option to re-purchase the above described property within two (2) years from date of

this deed at $20,000.00 per acre, to be owner financed at an interest rate not greater than 1.50% percent above Sun Trust's prime rate at the time of re-purchase. During option period grantee will not change the land in any respect (including, but not limited to, cutting trees, changing topography, granting easements or other rights, etc.).

On October 12, 1999, Reeves notified the McMickles that it intended to exercise the option. Reeves then brought this action seeking, among other things, specific performance of the McMickles' obligation to reconvey the property under the terms of the option.[1] In November 2002, nearly three years after the option period expired, Reeves's counsel tendered the entire purchase price, less a pro rata amount for land conveyed to Henry County. The tender was refused. Reeves and the McMickles filed cross-motions for summary judgment on the issue of the option.

As the trial court recognized, this appeal turns on the option language regarding the purchase price.

An option contract for the sale of realty comes within the Statute of Frauds and writings relied on to take the transaction out of the Statute of Frauds must (a) identify the buyer and seller, (b) describe the subject matter of the contract, and (c) name the consideration. . . .

Option contracts for the sale of realty require the same degree of definiteness as general contracts. The required definiteness includes such matters as the price, and the terms of payment. The contract must either state the price to be paid for the property or set forth criteria by which it may be calculated. The offer must be complete and definite in all respects, since it becomes a contract on acceptance.

(Citations and punctuation omitted.) *Wiley v. Tom Howell & Assoc.*, 154 Ga. App. 235, 236 (267 SE2d 816) (1980). Here, while the option provides a per-acre price and a method for determining the rate of interest to be charged in an owner-financed loan, it does not provide such essential terms as the amount or number of installments, the allocation of interest on the payments, or the duration of the loan. "Where the amount of the purchase price fixed by the contract is certain and definite, but the terms of payment are indefinite and

---

[1] Reeves originally sought to enjoin foreclosure on the property; in January 2001 it amended its complaint to seek specific performance of the option to reconvey.

uncertain, the writing is not a contract and confers no rights and imposes no liability." (Citations omitted.) *Morgan v. Hemphill*, 214 Ga. 555, 556 (105 SE2d 580) (1958); see also *Bonner v. Jordan*, 218 Ga. 129 (126 SE2d 613) (1962); *Thomas v. Harris*, 127 Ga. App. 361, 363 (2) (193 SE2d 260) (1972). Compare *Horner v. Savannah Valley Enterprises*, 234 Ga. 371, 373 (216 SE2d 113) (1975) (enforceable contract provided for payoff at specified rate per month, including interest with all payments applied first to interest); *Griffis & Weaver Builders v. Hopson*, 230 Ga. 459 (197 SE2d 694) (1973) (enforceable contract provided for ten percent deposit with balance over three years in three equal annual installments plus four percent interest).

Reeves argues that its tender of the entire purchase price cured the inadequacy of the financing terms, pointing to our decision in *Pine Valley Apts. v. First State Bank*, 143 Ga. App. 242 (237 SE2d 716) (1977). That decision is inapplicable for two reasons. First, it did not involve a real estate contract or other agreement governed by the Statute of Frauds. See OCGA § 13-5-30. Second, both parties to the contract in *Pine Valley* elected to perform the entire agreement under its terms despite the vague and indefinite provision regarding future advancement of funds. "[T]he contract being executed without any disagreement as to price, any indefiniteness was cured by *complete* performance." (Emphasis supplied.) Id. at 245. In contrast, a mere tender or attempt at performance by one party, without acceptance by the other, cannot cure a violation of the Statute of Frauds in a real estate contract. See OCGA § 13-5-31 (2) (exception requires "performance on one side, accepted by the other in accordance with the contract").

> There is a difference between ambiguity, which imports doubleness and uncertainty of meaning, and that degree of indefiniteness which imports no meaning at all. The former can be explained by parol. The latter cannot be merely explained, but a deficiency must be supplied. In the instant case where the parties differ as to . . . determining the amount of the consideration, this deficiency cannot be supplied by parol.

(Citations and punctuation omitted.) *Wiley*, supra at 238. See also *Thomas*, supra at 363 (2). The contract is incomplete, indefinite, and unenforceable, and the trial court did not err in granting summary judgment to the McMickles.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED OCTOBER 20, 2004.

*Crumbley & Crumbley, R. Alex Crumbley,* for appellant.
*Vaughn, Wright & Stearns, James A. Vaughn, Amy S. Boyer,* for appellees.