## A09A2099. CITY OF CHICKAMAUGA v. HENTZ.
### (684 SE2d 372)

JOHNSON, Presiding Judge.

Vicki Hentz sued the City of Chickamauga for personal injuries, pain and suffering, lost wages, and medical expenses after she fell while walking on a City-owned "recreational walkway surrounding Gordon Lee Memorial High School . . . used by members of the Chickamauga community for exercising, walking and jogging." The City moved for judgment on the pleadings, arguing that Hentz's claims were barred by the Recreational Property Act ("RPA").[1] Hentz filed a response to the City's motion and, five months later, amended her complaint to strike the original paragraphs that described the walkway as being for "recreational purposes" and to insert paragraphs describing the walkway as merely a sidewalk used for pedestrian travel. Subsequently, the trial court denied the City's motion, but certified the order for immediate review. We granted the City's application for interlocutory review to determine whether the RPA shields it from liability. Because we find that the RPA applies in this case and that the trial court, therefore, erred in denying the City's motion for judgment on the pleadings, we reverse.

We first address Hentz's argument that the City waived its right to complain of the judgment by not renewing its motion for judgment on the pleadings after Hentz filed her amended complaint. Although the complaint was amended after the City filed its motion for judgment on the pleadings, the amendment did not materially change Hentz's cause of action. It is thus immaterial that there was no renewal of the motion after the amendment.[2]

The purpose of the RPA is to encourage landowners to make their land available for public recreational use by limiting landowners' liability toward persons entering the land for recreational purposes.[3] To that end, the RPA provides that owners of land used for recreational purposes generally owe no duty to the public to keep the premises safe or to warn of dangerous conditions:

> [A]n owner of land owes no duty of care to keep the premises safe for entry or use by others for recreational

---

[1] OCGA § 51-3-20 et seq.

[2] See *Hunter v. A-1 Bonding Svc.*, 118 Ga. App. 498, 499 (1) (164 SE2d 246) (1968); compare *Pitman v. Pitman*, 215 Ga. 585, 589 (1) (111 SE2d 721) (1959).

[3] OCGA § 51-3-20; *North v. Toco Hills, Inc.*, 160 Ga. App. 116, 117 (286 SE2d 346) (1981).

purposes or to give any warning of a dangerous condition, use, structure, or activity on the premises to persons entering for recreational purposes.[4]

Moreover, OCGA § 51-3-23 specifically provides:

... [A]n owner of land who either directly or indirectly invites or permits without charge any person to use the property for recreational purposes does not thereby:

(1) Extend any assurance that the premises are safe for any purpose;

(2) Confer upon such person the legal status of an invitee or licensee to whom a duty of care is owed; or

(3) Assume responsibility for or incur liability for any injury to person or property caused by an act of omission of such persons.

Here, Hentz expressly alleged in her original complaint that the City owns and maintains a recreational walkway that surrounds Gordon Lee Memorial High School. She further stated that the walkway is used by members of the Chickamauga community for exercising, walking, and jogging, that the City "has posted signs encouraging use of the walkway for such purposes," and that the City has "built and maintained workout stations alongside the walkway," thus "promot[ing] said walkway as a place of community fellowship so as to encourage persons to become tax-paying residents of Chickamauga." These statements establish that the walkway is used for recreational purposes.

The fact that Hentz subsequently amended her complaint in an attempt to create a question of fact regarding whether the walkway is subject to the RPA is of no legal consequence. Hentz cannot simply withdraw harmful admissions and replace them with statements that support her cause of action, such as the walkway is merely an ingress and egress for the school and is only incidentally used by persons in the evening who walk for pleasure. Such statements do not alter the legal effect of Hentz's previous in judicio admissions.[5]

It is well settled that statements in pleadings are admissible

---

[4] OCGA § 51-3-22. There are two exceptions to this limited liability, neither of which applies here. See OCGA § 51-3-25.

[5] See *Richmond County v. Sibert*, 218 Ga. 209, 212 (1) (a) (126 SE2d 761) (1962) (even after admission in judicio is withdrawn, it remains as evidence in the case).

against the party making them.[6] Where a factual allegation is contained in a pleading, from which inferences may be drawn beneficial to the opposite party, the allegation is to be treated as evidence in the record in the opposite party's favor.[7] Thus, the City may avail itself of allegations or admissions Hentz made in her original complaint that bring her cause of action within the RPA.

Moreover, even if the original complaint is disregarded, the averments of the amended complaint establish that the walkway falls within the ambit of the RPA. Georgia courts have defined "recreational purposes" very broadly.[8] Surely the term encompasses a path on which the city has taken the trouble to build an exercise station to encourage recreational fitness activity. Taking as true the facts alleged in Hentz's amended complaint, the walking path on which she fell was used for recreational purposes, and the City therefore is not liable for her injuries. The trial court erred in denying the City's motion for judgment on the pleadings.

*Judgment reversed. Ellington and Mikell, JJ., concur.*

DECIDED SEPTEMBER 25, 2009.

*Williams, Morris & Waymire, Gary K. Morris*, for appellant.
*William D. Hentz*, for appellee.

---

[6] See OCGA § 24-3-30; *First Support Svcs. v. Trevino*, 288 Ga. App. 850, 852 (2) (655 SE2d 627) (2007).

[7] See OCGA § 24-3-30; *Weekes v. Nationwide Gen. Ins. Co.*, 232 Ga. App. 144, 149 (3) (b) (500 SE2d 620) (1998).

[8] *Anderson v. Atlanta Committee for the Olympic Games*, 273 Ga. 113, 115 (1) (a) (537 SE2d 345) (2000) (the RPA does not apply only to land used for the activities specified in the statute, "but encompasses any recreational activity, i.e., any amusement, play or other form of relaxation which refreshes the mind or body").