**FOURTH DIVISION**
**DOYLE, P. J.,**
**MARKLE AND SENIOR APPELLATE JUDGE PHIPPS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 21, 2020**

# In the Court of Appeals of Georgia

A19A1943.  BCM CONSTRUCTION GROUP, LLC v. WILLIAMS et al.

MARKLE, Judge.

BCM Construction Group ("BCM") appeals from the trial court's order granting Dianne and Johnie Williams's[1] (collectively "the Williamses") motion for judgment on the pleadings in connection with a dispute arising from a sale of land. On appeal, BCM argues that the trial court erred in concluding that any modification to the closing date on the contract had to be in writing, and that there are questions of fact that make dismissal improper. For the reasons that follow, we reverse.

On appeal from a grant of judgment on the pleadings, we conduct a de novo review of the trial court's order to determine whether the

---

[1] Appellee Johnie Williams's name is spelled differently throughout the record. We refer to him using the spelling that appears in the appellee's brief.

undisputed facts appearing from the pleadings entitle the movant to judgment as a matter of law. The grant of a motion for judgment on the pleadings under OCGA § 9-11-12 (c) is proper only where there is a complete failure to state a cause of action or defense. For purposes of the motion, all well-pleaded material allegations by the nonmovant are taken as true, and all denials by the movant are taken as false. But the trial court need not adopt a party's legal conclusions based on these facts. . . . Moreover, in considering a motion for judgment on the pleadings, a trial court may consider exhibits attached to and incorporated into the pleadings, including exhibits attached to the complaint or the answer.

(Citations and punctuation omitted.) *Caldwell v. Church*, 341 Ga. App. 852, 855-856 (2), 857 (2) (a) (802 SE2d 835) (2017). Nevertheless, "we are mindful that a motion for judgment on the pleadings should be granted only if the moving party is clearly entitled to judgment." (Citation and punctuation omitted.) *Early v. MiMedx Group, Inc.*, 330 Ga. App. 652, 654-655 (768 SE2d 823) (2015).

So viewed, the record shows that on January 10, 2018, BCM and the Williamses entered into an agreement for BCM to purchase five parcels of land for $4,500,000. The purchase was to occur in two phases, with the first phase to close by August 23, 2018. The contract further provided that "if for any reason the closing of the purchase of Phase I has not occurred within 225 days of the date of this contract,

except due to default by Seller, this contract shall expire and terminate without further notice[.]" Additionally, the contract required that there could be no extension to the contract "unless agreed upon in writing by [the Williamses] and [BCM] in advance." The contract also specified that "[t]ime is of the essence," and that "[n]o failure of any party to . . . insist upon strict compliance with any obligation specified herein, and no custom or practice at variance with the terms hereof, shall constitute a waiver of either party's right to demand exact compliance with the terms hereof." Finally, the contract expressed that "[t]his Agreement constitutes the sole and entire Agreement between the parties . . . and no modification of this Agreement shall be binding unless signed by all parties to this Agreement. No representation, promise, or inducement not included in this Agreement shall be binding upon any party[.]"

The evening before the deadline for closing, BCM's principal sent an e-mail to Dianne Williams, seeking an extension of the closing date due to a delay in obtaining zoning approval and a land disturbance permit.[2] BCM proposed extending the closing date to be within seven days of receipt of the land disturbance permit. It does not appear that the Williamses responded to the e-mail until the following week. In a phone call on August 23, however, Dianne Williams informed BCM's agent that

---

[2] Despite the delay, the property was rezoned prior to the expected closing date.

they would not require strict compliance with the closing date.[3] The parties did not sign a written extension, and the closing did not occur by the deadline. On September 5, 2018, the Williamses notified BCM that the contract had terminated based on the failure to close by the closing date.

BCM filed suit against the Williamses, raising claims for promissory estoppel, breach of contract, injunctive relief, and specific performance, and they requested a declaratory judgment that the failure to close was caused by the Williamses' refusal to honor their promise to extend the closing date.[4]

---

[3] BCM alleged that Dianne Williams acted as the sellers' agent when she made the statement that strict compliance with the closing date was not required. Because we are reviewing the trial court's grant of a motion for judgment on the pleadings, we assume that Dianne was authorized to act on behalf of Johnny Williams. *Caldwell*, 341 Ga. App. at 856 (2) ("for purposes of the motion, all well-pleaded material allegations by the nonmovant are taken as true, and all denials by the movant are taken as false.") (citation omitted).

[4] BCM also initially raised claims for unjust enrichment and conversion, but later withdrew those claims and added a claim for specific performance in an amended complaint. The Williamses assert that we cannot consider those facts and allegations in the amended complaint because it was filed after the motion for judgment on the pleadings was briefed and orally argued. But the Williamses were not required to file an answer to the amended complaint, *Early*, 330 Ga. App. at 655 (1) (a), and, at this stage of the proceedings, we would take all allegations by the nonmovant as true. See *Caldwell*, 341 Ga. App. at 856 (2). Moreover, the amended complaint was filed before the trial court ruled on the motion, and we presume the trial court considered the entire record before reaching its decision. See *Southwest Health & Wellness v. Work*, 282 Ga. App. 619, 627 (2) (d) (639 SE2d 570) (2006);

4

The Williamses moved for judgment on the pleadings, denying that they orally agreed to extend the closing date and arguing that the contract expired by its own terms when the parties failed to close on August 23. They asserted that any extension had to be in writing under the Statute of Frauds and the express terms of the contract.[5]

BCM responded that they could not have closed on August 23 because they were waiting for the Williamses to respond to the phase I survey, and, as the Williamses caused the delay, the contract did not expire or terminate. Moreover, BCM contended that the Williamses waived the closing date in their phone call, as well as by their conduct. BCM next argued that there was no Statute of Frauds concern that would require the modification be in writing because BCM had partially performed by having the property rezoned. Finally, it contended that the factual disputes made judgment on the pleadings improper.

*Skylake Property Owners Assn. v. Powell*, 281 Ga. App. 715, 720 (3) (637 SE2d 51) (2006). Compare *City of Chickamauga v. Hentz*, 300 Ga. App. 249 (684 SE2d 372) (2009) (party was not required to renew motion for judgment on the pleadings after plaintiff amended complaint because cause of action had not changed). Thus, we are not persuaded that we are limited to the allegations in the initial complaint. In any event, the relevant facts are essentially the same: BCM obtained the rezoning, it contacted the Williamses to extend the closing date, and Dianne Williams expressly stated that she would not require strict compliance with the closing date.

[5] The Williamses also filed a counterclaim for slander of title, which they later dismissed without prejudice.

The trial court granted judgment on the pleadings, finding that the contract could only be modified in writing. The trial court further found that there was no evidence in the record that the Williamses engaged in any action that would have extended the closing, nor was there any new consideration. This appeal followed.

BCM first argues that the Williamses waived the closing date through their conduct, and such waiver is enforceable despite the lack of written modification. It further notes that waiver is a question of fact, making judgment on the pleadings improper. Alternatively, BCM argues that the Williamses are estopped from terminating the contract because BCM acted in reasonable reliance on the oral promise to extend the closing date. We agree that factual questions preclude judgment on the pleadings.

1. BCM contends that the parties waived strict compliance with the contract's closing date, and therefore it was error for the trial court to grant judgment on the pleadings. We agree that factual questions remain here, making judgment on the pleadings improper.

6

To begin, the Statute of Frauds requires that any contract for the sale of land – and any modifications to such a contract – be in writing.[6] OCGA § 13-5-30 (a) (4), (b). "Every essential element of the sale must be expressed in writing[.]" *Edwards v. Sewell*, 289 Ga. App. 128, 130 (1) (a) (656 SE2d 246) (2008).

But the issue in this case is not *modification* of the contract; instead, the question is whether the Williamses *waived* strict compliance with a term of the contract. See *Perry Dev. Corp. v. Colonial Contracting Co., Inc.*, 231 Ga. 666, 668 (4) (203 SE2d 475) (1974) ("A new contract fixing a new date for performance and a waiver of performance at the time fixed in the original contract, and an estoppel which prevents the setting up of noncompliance within the time fixed, are not the same thing. In the case of a new contract or the modification of an existing one, both

---

[6] The Williamses question whether there was a contract at all because certain essential terms were vague. A review of the contract, however, shows that the parties included the specifics as to how to determine which properties were covered by each phase, as well as how to calculate the price at closing in the special stipulations. Therefore, this argument is without merit. *Singh v. Sterling United, Inc.*, 326 Ga. App. 504, 508 (2) (756 SE2d 728) (2014) ("The land to be sold must be identified by the contract with reasonable definiteness by describing the particular tract or furnishing a key by which it may be located with the aid of extrinsic evidence.") (citation and punctuation omitted); *Gold Creek SL, LLC v. City of Dawsonville*, 290 Ga. App. 807, 809 (1) (660 SE2d 858) (2008). Compare *A. S. Reeves & Co. v. McMickle*, 270 Ga. App. 132, 133-134 (605 SE2d 857) (2004) (failure to provide essential terms such as number of payments or duration of loan rendered terms indefinite and uncertain, and thus no contract was formed).

7

parties are bound by the terms of the new contract, and have a right to insist on the new date fixed therein for performance. In the case of a waiver the original contract remains; the purchase money is due; the seller merely waives strict enforcement as to time, so as to prevent him from declaring a forfeiture on account of a past failure.").

"Waiver may be shown by conduct both before or after the closing date and irrespective of the existence of a contractual requirement that all modifications be in writing." (Citations omitted.) *Miller v. Coleman*, 284 Ga. App. 300, 302 (1) (643 SE2d 797) (2007).

> [W]aiver of a contract provision may be express, or may be inferred from actions, conduct, or a course of dealing. Put another way, waiver of a contract right may result from a party's conduct showing his election between two inconsistent rights. Specifically, acting on the theory that the contract is still in force, as by continuing performance, demanding or urging further performance, or permitting the other party to perform and accepting or retaining benefits under the contract, may constitute waiver of a breach. Nevertheless, all of the attendant facts, taken together, must amount to an intentional relinquishment of a known right, in order that a waiver may exist. But significantly, when the evidence is in conflict, the issue of waiver must be decided by the jury.

(Citations and punctuation omitted.) *Yash Solutions, LLC v. New York Global Consultants Corp.*, __ Ga. App. __ (1) (a) (834 SE2d 126, 132-133 (1) (a)) (2019). Importantly, an anti-waiver provision in a contract can also be waived. Id. at 134 (1) (a). And, although a contract modification would have to satisfy the Statute of Frauds, a waiver of a contract term does not. See *Perry Dev. Corp.*, 231 Ga. at 668 (4) (although modification of contract for sale of land must be in writing, waiver of time provision can be oral); *Pacific Grove Holding v. Hardy*, 243 Ga. App. 161, 165 (1) (b) (532 SE2d 710) (2000) (even in a contract for sale of land, parties could orally waive contract provision specifying the time for performance; see also *RHL Properties v. Neese*, 293 Ga. App. 838, 841 (668 SE2d 828) (2008) (discussing waiver of written notice provisions).

"[T]he question of whether the conduct of the parties causes a waiver of contract provisions, and a quasi new agreement effected, ordinarily, is a question of fact for a jury." (Citation omitted.) *Yash Solutions*, __ Ga. App. at __ (1) (a), n. 22 (834 SE2d at 135 (1) (a), n.22). See also *Bolton v. Barber*, 233 Ga. 646, 648 (2) (212 SE2d 766) (1975) (parties can waive time of performance by their conduct and where there is some evidence of waiver, the issue is for the jury).

Here, BCM contends that Dianne Williams waived the closing date requirement in the contract orally in a phone call the day of closing. Although the Williamses dispute this, we must consider it true for purposes of the motion for judgment on the pleadings. Moreover, the limited record contains two e-mails between the parties. In the first e-mail, dated August 22, 2018, BCM alerted Dianne Williams that the zoning process took longer than expected, and it asked for an extension of time in which to close. On the day closing was to occur, BCM and Dianne Williams had a phone conversation in which Dianne repeatedly stated that the Williamses would not insist on strict compliance with the closing date. Several days after the expected closing date, Dianne Williams responded to BCM's e-mail, writing that she forwarded the information to the attorney, who "requested there be no communication with [BCM] until he returns [from out of town] . . . and has reviewed those documents." These allegations, taken as true for purposes of our review, create at least a question of fact as to whether the Williamses waived strict compliance with the terms.[7]

---

[7] "Additionally, as a matter of law a party to a contract can not cause a breach or delay in compliance by the other, and then set up the breach or delay so caused as freeing him from the contract." (Citation and punctuation omitted.) *Champion Windows of Chattanooga v. Edwards*, 326 Ga. App. 232, 241 (2) (756 SE2d 314) (2014). Thus, Dianne Williams cannot induce BCM into delaying the closing and

None of the other contract provisions require a different result. Although the contract specified that the parties could not orally waive any provision, such a term is itself waivable. See *Yash Solutions*, __ Ga. App. at __ (1) (a) (834 SE2d at 134 (1) (a)). Nor would the provision that the contract was the "entire agreement," or that it could only be modified in writing, preclude a waiver of the time requirement. See *Pacific Grove Holding*, 243 Ga. App. at 165 (1) (b).

Judgment on the pleadings should be granted only when "the moving party is *clearly entitled* to judgment." (Citation and punctuation omitted; emphasis supplied.) *Early*, 330 Ga. App. at 654-655. But a question of waiver is to be resolved by a jury. *Yash Solutions*, __ Ga. App. at (1) (a) (834 SE2d at 134 (1) (a)); *Pacific Grove Holding*, 243 Ga. App. at 165 (1) (b). On this record, we conclude that there remain factual questions as to whether Dianne Williams's conduct waived strict compliance with the closing date. Accordingly, the trial court erred in granting judgment on the pleadings, and we reverse.

2. In light of our conclusion in Division 1, we do not address BCM's remaining arguments.

---

then complain that such delay breached the contract. Although this is a matter of law, there remains a factual dispute that Dianne Williams made any such statement about the closing date.

*Judgment reversed. Doyle, P. J., and Senior Appellate Judge Herbert E. Phipps concur.*